United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2005**

Charles R. Fulbruge III
Clerk

REVISED JUNE 13, 2005

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-50732

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO SANCHEZ-VILLALOBOS, also known as Francisco
Sanchez-Saenz, also known as Alberto Villalobos-Sanchez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, JONES and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Alberto Sanchez-Villalobos ("Sanchez-Villalobos") appeals the sentence he received from his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. Sanchez-Villalobos argues that the district court erred in adding eight offense levels under United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") § 2L1.2(b)(1)(C), based on a finding that he had been

1

previously deported to Mexico subsequent to a conviction of an "aggravated felony."

I

The material facts are undisputed. Sanchez-Villalobos pleaded guilty in 2004 to the offense of illegal reentry, in violation of 8 U.S.C. § 1326. In September 2001, Sanchez-Villalobos had been convicted in Colorado for the offense of possession of a controlled substance (codeine) and was sentenced to 60 days in custody and was removed from the United States. The offense was classified as a class 1 misdemeanor by Colorado. COLO. REV. STAT. § 18-1.3-501(1) (2001). The probation department concluded that because Sanchez-Villalobos's Colorado offense was punishable by a term of imprisonment up to 18 months, it was also an aggravated felony. The presentence report ("PSR") thus assigned a base offense level of eight for illegal reentry and an eight level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(C). After an adjustment for acceptance, Sanchez-Villalobos's total offense level was 13. Since he was in criminal history category III, the Guideline range was set at 18 to 24 months.

Sanchez-Villalobos objected to the eight level sentence enhancement, arguing that his conviction for possession of codeine was not a felony under state law because Colorado classified it as a misdemeanor and that it was not a felony under federal law because simple possession of codeine is a misdemeanor under 21 U.S.C. § 844(a). The district court overruled his objection and he was sentenced to 20 months in prison, one year of supervised release, and a $100 special assessment fine.

II

The only issue raised by Sanchez-Villalobos on appeal is whether the district court properly applied an eight level enhancement under § 2L1.2(b)(1)(C) for an "aggravated felony" based on his prior Colorado state misdemeanor conviction for possession of codeine.

In order to determine whether his prior conviction constitutes an aggravated felony, we must first track the relevant statutory provisions. Pursuant to U.S.S.G. § 2L1.2(b)(1)(C), a defendant's base offense level for the conviction of illegal re-entry is enhanced by eight levels if the defendant has previously been convicted for an "aggravated felony." "For the purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in section 1101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony." U.S.S.G. § 2L1.2 comment. n.3(A). Section 1101(a)(43) of the Immigration and Nationality Act provides, in pertinent part, that the drug-trafficking crimes outlined in 18 U.S.C. § 924(c) are aggravated felonies. A drug-trafficking crime under § 924(c)(2) is "any felony punishable under the Controlled Substances Act (21 U.S.C. 810 *et seq.*)."     18 U.S.C. § 924(c)(2).

This court has held that a "drug trafficking crime" under § 924(c)(2) encompasses two elements: (1) that the offense be punishable under the Controlled Substances Act ("CSA"), and (2) that the offense be a felony under either state *or* federal law. *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997) (quoting *United States v. Restrepo-Aguilar*, 74 F.3d 361, 364 (1st Cir. 1996)). It is undisputed that Sanchez-Villalobos's possession of codeine would be punishable under the CSA, specifically, 21 U.S.C. § 844(a)[1], satisfying the first requirement of the two prong test for a "drug trafficking crime." Our central task, therefore, is to determine whether Sanchez-Villalobos's Colorado state conviction for possession of codeine satisfies the second requirement, that the offense

---

[1] Section 844(a) provides that "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice . . ." 21 U.S.C. § 844(a). "The term 'controlled substance' means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). Codeine is a controlled substance. 21 U.S.C. 812.

3

is a felony for § 2L1.2 purposes.

A

First, we consider whether a drug offense categorized under state law as a misdemeanor, but punishable by more than one year in prison, is a qualifying aggravated felony under § 2L1.2(b)(1)(C). This court has held that a state offense for simple possession of drugs is properly deemed a "felony" within the meaning of § 924(c)(2) if the offense is classified as a felony under the law of the state, even if it is only punishable as a misdemeanor by federal law. *Hinojosa-Lopez*, 130 F.3d at 694; *United States v. Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir. 2001). However, the issue in this case has never before been brought squarely before this court. The probation department looked to the application notes of § 2L1.2 that defines "felony" as an offense punishable by imprisonment for more than one year. However, the Guidelines expressly adopt this definition only for § 2L1.2(b)(a)(1)(A), (B), and (D).

Sanchez-Villalobos argues that § 802(13) of the CSA, which defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony," provides the proper definition. 21 U.S.C. § 802(13). The Government asserts, however, that the proper definition is found in § 802(44) of the CSA, which defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Whether Sanchez-Villalobos's offense is an aggravated felony depends on whether § 802(13) or § 802(44) is applicable. This court has noted the difference in these two definitions before, but concluded that it was not required to determine which definition was applicable since the defendant's

4

offense was both labeled a felony under state law *and* punishable by more than one year in prison under state law. *United States v. Caicedo-Cuero*, 312 F.3d 697, 702-03 (5th Cir. 2002) (defendant's prior Texas offense of simple possession of marijuana was an aggravated felony since Texas categorized the offense as a felony and provided for a maximum term of imprisonment of two years).**[2]** We noted in *Caicedo-Cuero*, however, that since this court had relied on the First Circuit's decision in *United States v. Restrepo-Aguilar*, 74 F.3d 361 (1st Cir. 1996), for its holdings in *Hinojosa-Lopez* and *Hernandez-Avalos*, it "suggests that the proper definition of 'felony' to apply in this context is that in § 802(13), which asks only whether the state labeled the crime a felony." 312 F.3d at 702 n.32.

In *Restrepo-Aguilar* the First Circuit only considered whether the term "aggravated felony," as used in § 2L1.2(b)(2) of the Guidelines, includes as a "felony" a state drug possession offense that would only be a misdemeanor under federal law, but is a felony under the laws of the convicting state. 74 F.3d at 364-65. This is the same issue that this court decided in *Hinojosa-Lopez.* 130 F.3d 691. As was the case in *Hinojosa-Lopez,* the First Circuit never addressed the question of whether the "classification" of an offense as a felony is sufficient to qualify as an aggravated felony even if the maximum authorized punishment would not exceed one year. Although the court in *Restrepo-Aguilar* adopted the definition of § 802(13), it was unnecessary to determine which definition was applicable ) ) § 802(13) or § 802(44) ) ) since the defendant's conviction, as in *Caicedo-Cuero,* met the requirements of both definitions. *Restrepo-Aguilar*, 74 F.3d at 365. The court relied heavily on the fact that the defendant's drug possession offense was "fully consistent with the definition of that

---

[2] We note that it was the government in *Caicedo-Cuero* that championed the definition of felony found in 21 U.S.C. § 802(13).

term that pervades the criminal history and prior offense enhancement provisions scattered throughout the Guidelines: any federal or state offense punishable under applicable law by a term of imprisonment of more than one year." *Id*. at 366.

Only the Ninth and Sixth Circuits have answered this question, holding that a state conviction is a felony for this purpose only if it is punishable by imprisonment for more than one year. *United States v. Robles-Rodriguez*, 281 F.3d 900, 903-05 (9th Cir. 2002); *Liao v. Rabbett*, 398 F.3d 389, 394-95 (6th Cir. 2005). In *Robles-Rodriguez*, the Ninth Circuit considered whether an Arizona statute that described offenses as "felonies" but for which the maximum penalty authorized by law was probation can be an "aggravated felony." 281 F.3d at 903. The court reasoned that Congress could not have meant to rely on the CSA's definition of "felony" to determine what constitutes a "drug trafficking offense" because to do so would strip any real meaning from the term "felony drug offense." *Id*. at 904. The court explained that "[i]t is a basic rule of statutory construction that one provision of a statute should not be interpreted in a manner that renders other sections of the same statute inconsistent, meaningless or superfluous." *Id*. (internal quotation omitted). Therefore, reading the definitions in §§ 802(13) and (44) together, the court concluded that the term "felony" referred to offenses punishable by more than one year imprisonment under the applicable state or federal law. *Id*. In addition, the court noted that federal law traditionally equates the term felony with offenses punishable by more than one year imprisonment. *Id*. (citing *United States v. Urias-Escobar*, 281 F.3d 165, 167-68 (5th Cir. 2002)). The court also relied on "the Seventh Circuit's observation that 'the punishment chosen for a crime will more accurately and equitably reflect . . . the seriousness of that crime than will the crime's felony/misdemeanor classification.'" *Id*. at 905 (quoting *United States v. Jones*, 235 F.3d 342, 346 (7th Cir. 2000)). The Sixth Circuit adopted the

6

Ninth Circuit's reasoning in *Robles-Rodriquez. Liao*, 398 F.3d at 394-95.

We also find the Ninth Circuit's reasoning persuasive. Accordingly, we conclude that Sanchez-Villalobos's prior conviction satisfies the two elements for a "drug trafficking crime" under § 924(c)(2): (1) it is punishable under the CSA and (2) qualifies as a felony because of the punishment under state law. The district court, therefore, did not err in applying an eight level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because Sanchez-Villalobos had been previously deported subsequent to an "aggravated felony."

B

Furthermore, we can affirm the district court's judgment because Sanchez-Villalobos's Colorado conviction is considered a felony under federal law. Specifically, possession of a controlled substance is an aggravated felony under § 2L1.2(b)(1)(C) because it can be punished as a felony under the CSA. An offense punishable by more than one year in prison is a felony under federal law, 18 U.S.C. § 3559(a). Under 21 U.S.C. § 844(a), a defendant who violates the subsection by possession of a controlled substance "may be sentenced to a term of imprisonment for not more than 1 year, and shall be fined a minimum of $1,000 or both except that if he commits such offense after a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days, but not more than 2 years . . . ."

Sanchez-Villalobos was convicted for possession of marijuana in 1997. Because he was convicted of a prior drug possession offense, his subsequent Colorado conviction for possession of codeine in 2001 could have been punished under § 844(a) as a felony with a penalty of up to two years imprisonment. *See United States v. Simpson*, 319 F.3d 81, 85-86 (2d Cir. 2002) (mere

7

possession of a controlled substance can be punished as a felony under the CSA).[3]  Had the charge against Sanchez-Villalobos for possession of codeine been brought in federal court, it would not, as he contends, only have been punishable as a misdemeanor.

## III

Sanchez-Villalobos also argues that his sentence violates his Sixth Amendment right to findings by a jury based on *United States v. Booker*, 543 U.S.\_\_\_, 125 S.Ct. 738 (2005), because the district court assessed sentencing enhancements under the then mandatory sentencing guidelines. Although he raised this argument before the district court, thus preserving the error, he failed to raise this argument in his brief to this court.  He only raised a *Booker* claim (based on his *Blakely v. Washington*, 124 S.Ct. 2531 (2004) claim raised below) in a FED. R. APP. P. 28(j) letter to this court. This court will not consider a new claim raised for the first time in an appellate reply brief, or a Rule 28(j) letter.  *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

## IV

For the above stated reasons, we AFFIRM the district court's judgment.

---

[3] We recognize that the Ninth Circuit takes a contrary position, and considers only "the sentence available for the crime itself, without enhancements." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1209 (9th Cir. 2002); *United States v. Arellano-Torres*, 303 F.3d 1173, 1178 (9th Cir. 2002) (holding that a court must look at the sentence available for the crime itself, without considering any recidivist sentencing enhancements when evaluating whether an offense is an aggravated felony under § 2L1.2).