United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40749
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTEO RAMIREZ-MALDONADO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-144-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Timoteo Ramirez-Maldonado ("Ramirez") appeals his conviction and sentence for illegal reentry after deportation.

Ramirez argues that the district court erred by imposing the eight-level increase in U.S.S.G. § 2L1.2(b)(1)(C) (2003) for a prior aggravated felony conviction. Ramirez contends that his prior state conviction for possession of a controlled substance is not a qualifying aggravated felony because it is not a felony under federal law. Although Ramirez acknowledges that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decisions in <u>United States v. Rivera</u>, 265 F.3d 310 (5th Cir. 2001), and <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691 (5th Cir. 1997), appear to foreclose this argument, he asserts that these decisions are not binding because they conflict with <u>Jerome v. United States</u>, 318 U.S. 101 (1943).

Our precedent is clear that Congress made a "deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the [Controlled Substances Act]." <u>United States v. Hernandez-Avalos</u>, 251 F.3d 505, 510 (5th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, a prior conviction for a state drug offense will qualify as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) if it is punishable under the Controlled Substances Act and it is punishable by more than a year of imprisonment under the applicable state law. <u>See</u> <u>United States v. Sanchez-Villalobos</u>, 412 F.3d 572, 576-77 (5th Cir. 2005). Ramirez does not dispute that his state offense was punishable under the Controlled Substances Act or that the offense was a felony under state law. This argument is meritless.

Ramirez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Ramirez's argument is, as he concedes, foreclosed. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998); <u>United States v. Izaguirre-Flores</u>,

405 F.3d 270, 277-78 (5th Cir. 2005), <u>petition for cert. filed</u> (July 22, 2005) (No. 05-5469).

Ramirez also contends that his sentence is improper under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). He concedes that the plain-error standard of review applies. Ramirez has not shown that the district court would have imposed a different sentence under an advisory sentencing scheme. Thus, Ramirez has not shown plain error in connection with his sentence. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600-01 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.