United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41118
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL EGUIA-HERNANDEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-599-1
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel Eguia-Hernandez appeals his conviction and sentence for illegal reentry of an alien after having been deported. He argues that the district court erred by imposing an eight-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(C) for Eguia's having a prior aggravated felony conviction; that the provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); and that his sentence is unconstitutional under United States v. Booker, 125 S. Ct. 738

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005), because it was imposed pursuant to a mandatory guidelines scheme.

Eguia contends that his state conviction for possession of a controlled substance is not a qualifying aggravated felony because it is not a felony under federal law. This court has specifically held that a prior conviction for a state drug offense will qualify as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) if it is punishable under the Controlled Substances Act and punishable by more than one year of imprisonment under the applicable state law. United States v. Sanchez-Villalobos, 412 F.3d 572, 576 (5th Cir. 2005). Eguia does not dispute that his state conviction was punishable under the Controlled Substances Act. Additionally, Eguia was sentenced to a ten-year term of imprisonment in connection with that conviction. Thus, the argument is without merit.

Eguia's argument that the provisions of 8 U.S.C. § 1326(b) are unconstitutional is, as he concedes, foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998).

Eguia also challenges his sentence as unconstitutional under Booker. He argues that the error is structural in nature and that prejudice should be presumed. This court rejected that argument in United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005), and determined that an unpreserved error challenging the mandatory nature of the guidelines is subject to a plain-error analysis. United States v. Mares, 402 F.3d 511,

520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

The district court committed error that is plain by sentencing Eguia under a mandatory guidelines scheme. Valenzuela-Quevedo, 407 F.3d at 733. However, Eguia fails to carry his burden of showing that this error affected his substantial rights. Id. at 733-34. Eguia concedes that the district court did not indicate that it would have imposed a lesser sentence in the absence of mandatory guidelines. Accordingly, the judgment of the district court is AFFIRMED.