**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 3, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60708

GHEORGHE MUTASCU, also known as Ion Draghia,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

PETITIONS FOR REVIEW FROM AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS
_____

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:

Gheorghe Mutascu, a native and citizen of Romania, petitions review from a final

order of the Board of Immigration Appeals ("BIA") ordering him removed from the

United States and denying discretionary relief because he had been convicted of an

aggravated felony. We deny Mutascu's petition for review.

I.

The material facts are undisputed. Mutascu was granted refugee asylum in 1975.

In 1980, he adjusted his status to that of an alien lawfully admitted for permanent residence. In 1993, Mutascu was convicted in California state court for theft and spent ten days in jail. In 1997, he was convicted for the offense of petty theft with a prior jail term and was sentenced to forty-five days in jail and twenty-four months of probation. Mutascu was again convicted of theft with a prior jail term in 1999. As a result of the 1999 conviction, Mutascu was sentenced to 365 days in prison.

## II.

Cancellation of removal is unavailable if the alien has "been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). Deportation for aggravated felonies is defined in 8 U.S.C. § 1227 (a)(2)(A)(iii). The term aggravated felony is defined as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Furthermore, "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B).

## A.

Mutascu argues that the substance of his petty theft convictions gives rise to no more than a six month jail sentence under the California Penal Code. In Mutascu's view, it is beside the point that a petty theft conviction can carry a one year prison term when

augmented by a recidivist statute, CAL. PEN. CODE §666. In support of his argument, Mutascu places strong emphasis on *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc).

In *Corona-Sanchez*, the issue was whether Corona-Sanchez's California state conviction for the petty theft of cigarettes and beer constituted an aggravated felony under § 1101(a)(43)(G) and, therefore, justified increasing his sentence for unlawful reentry. The court concluded that Corona-Sanchez's sentence was improperly enhanced and reversed and remanded for resentencing. The court reasoned that the general theft statute, CAL. PEN. CODE § 484(a), should be separated from the enhancement provisions of CAL. PEN. CODE §§ 488 and 666 for purposes of constituting an "aggravated felony."

B.

We have previously disagreed with *Corona-Sanchez* in the case of *United States v. Sanchez-Villalobos*, where we stated in a footnote, "[w]e recognize that the Ninth Circuit takes a **contrary position**, and considers only 'the sentence available for the crime itself, without enhancements.' *United States v. Corona-Sanchez*, 291 F.3d 1201, 1209 (9th Cir. 2002)." *Id*. at 577 n.3 (emphasis added).

We do not follow the reasoning in *Corona-Sanchez*. The statute states in 8 U.S.C. § 1101 (a)(48)(B) that the term of imprisonment in (a)(43)(G) is at least the term "ordered by a court of law." Mutascu's argument succeeds only if his conviction can be atomized into its predicate offense. Mutascu's previous jail term was an element of the conviction for "Petty Theft with Prior Jail Term." CAL. PEN. CODE § 666. This conviction carried

with it a one year jail term, bringing Mutascu within the ambit of 8 U.S.C. § 1101

(a)(43)(G). Cancellation of removal is unavailable if the alien has "been convicted of any

aggravated felony." 8 U.S.C. § 1229b(a)(3). For this reason, cancellation is unavailable

to Mutascu.

III.

Mutascu's due process argument trains on the fact that he was not charged with

removability based on his conviction for an aggravated felony. He was given notice of

removability for his conviction for crimes of moral turpitude. The further decision to

deny withholding was clearly warranted. There was no denial of due process.

**Petition Denied.**