**UNITED STATES of America**

**v.**

**Nabor RODRIGUEZ–DE LEON, Defendant.**

**No. EP–06–CR–2234–PRM.**

United States District Court, W.D. Texas, El Paso Division.

March 15, 2007.

John P. Calhoun, Asst. Federal Public Defender, El Paso, TX, for Defendant.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for United States of America.

*MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO EIGHT–LEVEL INCREASE FOR PRIOR CONVICTION*

MARTINEZ, District Judge.

On this day, the Court considered Defendant Nabor Rodriguez–De Leon's ob-

jection to the Presentence Investigation Report's ("PSR") recommendation of an eight-level upward adjustment for his prior conviction for possession of diazepam, a controlled substance, in Colorado. The PSR characterizes Defendant's prior conviction as an "aggravated felony," thus qualifying Defendant for an eight-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Defendant argues that the conviction is merely a felony, warranting only a four-level increase. The Court has considered the parties' briefing and the oral arguments presented to the Court at the sentencing hearings on February 28, 2007, and March 6, 2007. After due consideration, the Court is of the opinion that Defendant's objection should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2006, Defendant was charged in a single-count indictment with illegal reentry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On November 28, 2006, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). The PSR initially recommended a four-level upward adjustment, pursuant to § 2L1.2(b)(1)(D), on the grounds that Defendant had been convicted of felonies for possession of cocaine and possession of diazepam prior to his previous removal from the United States. Defendant previously pled guilty to the possession of cocaine in Illinois in 1999 and to the possession of diazepam in Colorado in 2001.

The Government objected to the recommended increase on the grounds that De-

fendant's Colorado conviction constituted an "aggravated felony," and thus made him eligible for an eight-level increase under § 2L1.2(b)(1)(C). The probation officer responsible for the PSR agreed, and issued a revised PSR in which he recommended an eight-level increase. Defendant then objected to the revised PSR, arguing that neither of his prior felony convictions constituted an "aggravated felony." At the sentencing hearing on March 6, 2007, the Court overruled Defendant's objection and applied an eight-level increase. The Court now writes to more fully explain the grounds for its ruling.

## II. DISCUSSION

### A. Definition of "Aggravated Felony" in Light of Lopez v. Gonzales

When a defendant has been convicted of unlawfully entering or remaining in the United States, § 2L1.2(b)(1)(C) of the Sentencing Guidelines calls upon the Court to increase his offense level by eight levels if he was previously deported, or unlawfully remained in the United States, after being convicted of an "aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C). The guideline provides that " 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." Id. § 2L1.2 cmt. n. 3(A). That statute defines "aggravated felony" in part as an offense involving "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). "Drug trafficking crime" is then defined by § 924(c) to include "any felony punishable under the Controlled Substances Act" ("CSA"). 18 U.S.C. § 924(c).

In Lopez v. Gonzales, the Supreme Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that

federal law." —— U.S. ——, ——, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). The state's characterization of the crime is inapposite; a state felony for conduct that the CSA punishes only as a misdemeanor is not a "felony punishable under the" CSA. The defendant's prior conviction must be for conduct that the CSA punishes as a felony.

In this case, Defendant's two prior convictions, though state felonies, were for simple possession of controlled substances. While the CSA does proscribe acts of simple possession in 21 U.S.C. § 844(a),[1] a first offense is punished as only a misdemeanor. In the case of a defendant who has a final prior drug conviction under the CSA or state law, though, a violation of § 844(a) is punishable as a felony. That section provides that:

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, *or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years,* and shall be fined a minimum of $2,500. . . .

21 U.S.C. § 844(a) (emphasis added).

The Government concedes that neither of Defendant's convictions, standing alone, would constitute a "felony punishable under the Controlled Substances Act." In-

stead, the Government argues that since Defendant had a prior state conviction for a drug offense, he was a repeat offender when he committed the Colorado offense, and thus his second conviction was for conduct punishable by the CSA as a felony. Defendant does not dispute that, at the time of his Colorado conviction, his prior drug conviction in Illinois was final.

The question before the Court is thus whether a defendant who has two prior state drug convictions for possession, neither of which alone would be punished as a felony by federal law, has been convicted of a "felony punishable under the Controlled Substances Act" by virtue of the increased penalties imposed by the CSA upon repeat offenders. For the reasons that follow, the Court is of the opinion that such a defendant has in fact committed an "aggravated felony."

*B.   Application of Lopez to Trafficking Offenses*

The first argument raised by Defendant in his written submissions and at the sentencing hearing is that convictions for mere possession cannot fall within the scope of a "drug trafficking crime," and thus may not be an "aggravated felony." He argues that "unless a prior state drug possession offense has an element of an intent to distribute, it is not a 'drug trafficking crime.'" Defendant contends that *Lopez* requires a strict interpretation of "drug trafficking crime," in which "trafficking" is given its common-sense definition. This argument has already been addressed by the Supreme Court in *Lopez.*

---

1.   21 U.S.C. § 844(a) prohibits simple possession, such as the conduct underlying Defendant's prior convictions in Illinois and Colorado. It provides that:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was ob-

tained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter.

21   U.S.C. § 844(a).

There, the Supreme Court noted that Congress has defined "trafficking," albeit somewhat oddly, by saying that "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act." As the Supreme Court acknowledged in *Lopez*, the scope of the CSA results in conduct that would not normally be understood as "trafficking" being considered a "drug trafficking crime." In fact, *Lopez* specifically notes the offense at issue here—recidivist possession under § 844(a)—is a felony under the CSA, and thus eligible for treatment as a "drug trafficking crime." As the Supreme Court stated,

> Congress did counterintuitively define some possession offenses as "illicit trafficking." Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as ... recidivist possession, *see* 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech.

*Lopez*, 127 S.Ct. at 630 n. 6. As *Lopez* clearly recognizes, the CSA makes simple possession a felony for repeat offenders. It is irrelevant that some of the conduct covered by the CSA does not involve "trafficking" as the term is commonly understood, for Congress has expressly defined the term to include such conduct. Defendant's argument here has thus been resolved against him in *Lopez*.

Furthermore, to the extent that Defendant argued for the first time at the sentencing hearing that his Colorado conviction could not be considered a "felony punishable under the Controlled Sub-stances Act" because it was not treated as a felony under Colorado law, that argument has also been rejected by *Lopez*. In requiring courts to apply federal law to a defendant's prior conviction, the Court in *Lopez* expressly rejected any reliance on the state's own characterization of the offense as a felony or misdemeanor. *Id.* at 633. The Supreme Court acknowledged that even in cases where a defendant's conduct would constitute a federal felony but was charged only as a state misdemeanor, the federal characterization of the offense conduct is controlling. *Id.*

### C. Requirement that Recidivism be a Charged Element of the Conviction

Defendant also argues that the element of recidivism must have been proved against him as an element of the Colorado offense in order for that conviction to qualify as a "felony punishable under the Controlled Substances Act." Defendant notes that the Colorado statute under which he was convicted provides for an increased penalty for repeat offenders, but requires that recidivism be proven to the jury as an element of the offense. *See* Colo.Rev.Stat. § 18-18-405 (2001). Had the State of Colorado chosen to prosecute him as a repeat offender, and proven the existence of his prior Illinois conviction, his conviction would have been for recidivist possession of a controlled substance. Since it did not, the conviction is merely a single conviction for possession. That offense, standing alone, would not be punishable as a felony under the CSA.

In response, the Government contends that Defendant's two convictions, taken together, clearly establish that his conduct was punishable as a felony under the CSA. Had the federal government indicted and prosecuted Defendant based on his conduct in Colorado, he could have been convicted of a felony offense as a repeat of-

fender under § 844(a). Given his prior conviction in Illinois, the conduct underlying his Colorado conviction was punishable as a felony under the CSA. In the view of the Government, Colorado's treatment of Defendant's recidivist status and its impact on his sentence should be of no importance to the Court.

The Fifth Circuit has essentially resolved this issue in favor of the Government. In *United States v. Sanchez–Villalobos*, that court held that a state conviction for mere possession qualified as a "felony punishable under the Controlled Substances Act" because the defendant had a qualifying prior conviction. 412 F.3d 572, 577 (5th Cir.2005), *cert. denied*, 546 U.S. 1137, 126 S.Ct. 1142, 163 L.Ed.2d 1000 (2006). Even though the defendant's second conviction was also under Colorado law, the court's analysis was silent as to any requirement that his recidivism be a charged element of the underlying offense. The court held that,

> Because he was convicted of a prior drug possession offense, his subsequent Colorado conviction for possession of codeine in 2001 could have been punished under § 844(a) as a felony with a penalty of up to two years imprisonment. Had the charge against Sanchez–Villalobos for possession of codeine been brought in federal court, it would not, as he contends, only have been punishable as a misdemeanor.

*Id.* (citation omitted).

The Court recognizes that the Fifth Circuit's opinion in *Sanchez–Villalobos*

predates the Supreme Court's decision in *Lopez*.[2] Furthermore, Defendant's arguments do find some support in *Lopez*. There, the Supreme Court stated that "we hold that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez*, 127 S.Ct. at 633. The Colorado statute under which Defendant was convicted, without any determination made as to his recidivist status, does not itself "proscribe" conduct punishable as a felony; a violation of that statute is punished only as a misdemeanor.

Nonetheless, the Court is of the opinion that *Lopez* does not inherently call into question the Fifth Circuit's decision in *Sanchez–Villalobos*, and therefore the Court accepts *Sanchez–Villalobos's* continuing value as precedent binding on the Court. That decision is supported by the spirit and reasoning of *Lopez*, which directs the Court to consider how a defendant's prior conviction would be punished under federal law. It is clear here that Defendant had a final state conviction for a drug offense at the time he engaged in the possession of diazepam. The State of Colorado subsequently convicted Defendant for this second offense, but the nature of his sentence is irrelevant to the Court. As with Sanchez–Villalobos, had Defendant been charged in federal court, his conduct "could have been punished under § 844(a) as a felony with a penalty of up to two years imprisonment." *Sanchez–Villalobos*, 412 F.3d at 577. Had Defendant's second conviction been prosecuted under federal

**2.** In fact, the Fifth Circuit held in the alternative that the defendant's convictions were each a "felony punishable under the Controlled Substances Act" because each was treated as a felony by the state of conviction. Of course, that ground is no longer good law in light of *Lopez*. *United States v. Estrada–*

*Mendoza*, 475 F.3d 258, 261 (5th Cir.2007) (per curiam). But it is clear from *Sanchez–Villalobos* that the holdings are in the alternative, and that either was a sufficient means to affirm the district court in that case. *Sanchez–Villalobos*, 412 F.3d at 576.

law, the CSA would have treated it as a felony.

This same reasoning—a focus on how the second conviction would have been punished in a "hypothetical federal prosecution"—was recently adopted by Judge Hanen in his post-*Lopez* decision in *United States v. Castro–Coello,* 474 F.Supp.2d 853, 858–61 (S.D.Tex.2007). After a thorough analysis of the *Lopez* decision, Judge Hanen held that a defendant's second state drug conviction, after a qualifying final prior conviction, constituted a "felony punishable under the Controlled Substances Act." *Id.* at 859. The Court has identified no other post-*Lopez* case that has considered this issue, and sees no reason to depart from the well-reasoned analysis of *Castro–Coello* and the Fifth Circuit's decision in *Sanchez–Villalobos.*

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that a defendant's second state conviction for possession of a controlled substance, based on conduct committed after his first conviction becomes final, is a "felony punishable under the Controlled Substances Act," and therefore an "aggravated felony" qualifying the defendant for the eight-level increase of U.S.S.G. § 2L1.2(b)(1)(C). The Court is therefore of the opinion that Defendant's objection should be denied.

Accordingly, **IT IS ORDERED** that Defendant Nabor Rodriguez–De Leon's objection to an eight-level increase for a prior conviction of an aggravated felony is **DENIED.**