**UNITED STATES of America**

v.

**Jesus LOPEZ–MOLINA, Defendant.**

**No. EP–06–CR–004–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

April 17, 2007.

---

56. *Id.*

57. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000) (per curiam).

Kristal Melisa Wade, U.S. Attorneys, El Paso, TX, for United States of America.

Tyrone Thelonious Mansfield, Federal Public Defender's Office, El Paso, TX, for Defendant.

## MEMORANDUM OPINION AND OR-DER DENYING DEFENDANT'S OBJECTION TO EIGHT–LEVEL INCREASE FOR PRIOR CONVIC-TION

MARTINEZ, District Judge.

On this day, the Court considered Defendant Jesus Lopez–Molina's objection to the Presentence Investigation Report's ("PSR") recommendation of an eight-level upward adjustment for his prior conviction for possession of a controlled substance in Texas. The PSR characterizes Defendant's prior conviction as an "aggravated felony," thus qualifying Defendant for an eight-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Defendant argues that the conviction is merely a felony, warranting only a four-level increase. The Court has considered the parties' briefing and the arguments presented to the Court at the sentencing hearing on April 17, 2007. After due consideration, the Court is of the opinion that Defendant's objection should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2006, Defendant was charged in a single-count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On March 1, 2006, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to U.S. S.G. § 2L1.2(a). The PSR recommended an eight-level upward adjustment, pursuant to § 2L1.2(b)(1)(C), on the grounds that Defendant had been convicted of an "aggravated felony." Defendant previously pled guilty to the possession of cocaine in Idaho in 1997 and to the possession of cocaine in Texas in 2005. Defendant filed an objection, contending that neither conviction constitutes an "aggravated felony" for purposes of the enhancement. At the sentencing hearing on April 17, 2007, the Court overruled Defendant's objection and applied an eight-level increase. The Court now writes to more fully explain the grounds for its ruling.

## II. DISCUSSION

### A. Definition of "Aggravated Felony" in Light of Lopez v. Gonzales

When a defendant has been convicted of unlawfully entering or remaining in the United States, § 2L1.2(b)(1)(C) of the Sentencing Guidelines calls upon the Court to increase his offense level by eight levels if he was previously deported, or unlawfully remained in the United States, after being convicted of an "aggravated felony." U.S. S.G. § 2L1.2(b)(1)(C). The guideline provides that " 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." *Id.* § 2L1.2 cmt. n. 3(A). That statute defines "aggravated felony" in part as an offense involving "illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C.

§ 1101(a)(43)(B). "Drug trafficking crime" is then defined by § 924(c) to include "any felony punishable under the Controlled Substances Act" ("CSA"). 18 U.S.C. § 924(c).

In *Lopez v. Gonzales,* the Supreme Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." — U.S. ——, ——, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). The state's characterization of the crime is inapposite; a state felony for conduct that the CSA punishes only as a misdemeanor is not a "felony punishable under the" CSA. The defendant's prior conviction must be for conduct that the CSA punishes as a felony.

In this case, Defendant's two prior convictions, though state felonies, were for simple possession of controlled substances. While the CSA does proscribe acts of simple possession in 21 U.S.C. § 844(a),[1] a first offense is punished as only a misdemeanor. In the case of a defendant who has a final prior drug conviction under the CSA or state law, though, a violation of § 844(a) is punishable as a felony. That section provides that:

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, *or a prior conviction for any drug, narcotic, or chemical offense chargeable un-*

---

1. 21 U.S.C. § 844(a) prohibits simple possession, such as the conduct underlying Defendant's prior convictions in Idaho and Texas. It provides that:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was ob-

tained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter.

21 U.S.C. § 844(a).

*der the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years,* and shall be fined a minimum of $2,500....

21 U.S.C. § 844(a) (emphasis added).

The Government concedes that neither of Defendant's convictions, standing alone, would constitute a "felony punishable under the Controlled Substances Act." Instead, the Government argues that since Defendant had a prior state conviction for a drug offense, he was a repeat offender when he committed the Texas offense, and thus his second conviction was for conduct punishable by the CSA as a felony. Defendant does not dispute that, at the time of his Texas conviction, his prior drug conviction in Idaho was final.

The question before the Court is thus whether a defendant who has two prior state drug convictions for possession, neither of which alone would be punished as a felony by federal law, has been convicted of a "felony punishable under the Controlled Substances Act" by virtue of the increased penalties imposed by the CSA upon repeat offenders. For the reasons that follow, the Court is of the opinion that such a defendant has in fact committed an "aggravated felony."

### B. Application of Lopez to Trafficking Offenses

The first argument raised by Defendant in his written submissions and at the sentencing hearing is that convictions for mere possession cannot fall within the scope of a "drug trafficking crime," and thus may not be an "aggravated felony." He argues that "unless a prior state drug possession offense has an element of an intent to distribute, it is not a 'drug trafficking crime.'" Defendant contends that *Lopez* requires a strict interpretation of "drug trafficking crime," in which "traf-

ficking" is given its common-sense definition. This argument has already been addressed by the Supreme Court in *Lopez*.

There, the Supreme Court noted that Congress has defined "trafficking," albeit somewhat oddly, by saying that "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act." As the Supreme Court acknowledged in *Lopez*, the scope of the CSA results in conduct that would not normally be understood as "trafficking" being considered a "drug trafficking crime." In fact, *Lopez* specifically notes the offense at issue here—recidivist possession under § 844(a)—is a felony under the CSA, and thus eligible for treatment as a "drug trafficking crime." As the Supreme Court stated,

> Congress did counterintuitively define some possession offenses as "illicit trafficking." Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as ... recidivist possession, *see* 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech.

*Lopez*, 127 S.Ct. at 630 n. 6. As *Lopez* clearly recognizes, the CSA makes simple possession a felony for repeat offenders. It is irrelevant that some of the conduct covered by the CSA does not involve "trafficking" as the term is commonly understood, for Congress has expressly defined the term to include such conduct. Defendant's argument has thus been resolved against him in *Lopez*.

### C. Requirement that Recidivism be a Charged Element of the Conviction

Defendant also argues that the element of recidivism must have been proved against him as an element of the Texas offense in order for that conviction to qualify as a "felony punishable under the Controlled Substances Act." Since Defendant was not prosecuted by the State of Texas as a repeat offender, his second conviction is merely a single conviction for possession. That offense, standing alone, would not be punishable as a felony under the CSA.

In response, the Government contends that Defendant's two convictions, taken together, clearly establish that his conduct was punishable as a felony under the CSA. Had the federal government indicted and prosecuted Defendant based on his conduct in Texas, he could have been convicted of a felony offense as a repeat offender under § 844(a). Given his prior conviction in Idaho, the conduct underlying his Texas conviction was punishable as a felony under the CSA. In the view of the Government, Texas's treatment of Defendant's recidivist status and its impact on his sentence should be of no importance to the Court.

The Fifth Circuit has essentially resolved this issue in favor of the Government. In *United States v. Sanchez–Villalobos*, that court held that a state conviction for mere possession qualified as a "felony punishable under the Controlled Substances Act" because the defendant had a qualifying prior conviction. 412 F.3d 572, 577 (5th Cir.2005),

cert. denied, 546 U.S. 1137, 126 S.Ct. 1142, 163 L.Ed.2d 1000 (2006). The court's analysis was silent as to any requirement that his recidivism be a charged element of the underlying offense. The court held that,

> [b]ecause he was convicted of a prior drug possession offense, his subsequent Colorado conviction for possession of codeine in 2001 could have been punished under § 844(a) as a felony with a penalty of up to two years imprisonment. Had the charge against Sanchez–Villalobos for possession of codeine been brought in federal court, it would not, as he contends, only have been punishable as a misdemeanor.

*Id.* (citation omitted).

The Court recognizes that the Fifth Circuit's opinion in *Sanchez–Villalobos* predates the Supreme Court's decision in *Lopez*.[2] Furthermore, Defendant's arguments do find some support in *Lopez*. There, the Supreme Court stated that "we hold that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez*, 127 S.Ct. at 633. The Texas statute under which Defendant was convicted, without any determination made as to his recidivist status, does not itself "proscribe" conduct punishable as a felony; a violation of that statute is punished only as a misdemeanor.

Nonetheless, the Court is of the opinion that *Lopez* does not inherently call into question the Fifth Circuit's decision in *Sanchez–Villalobos*, and therefore the

---

**2.** In fact, the Fifth Circuit held in the alternative that the defendant's convictions were each a "felony punishable under the Controlled Substances Act" because each was treated as a felony by the state of conviction. Of course, that ground is no longer good law in light of *Lopez*. *United States v. Estrada-*

*Mendoza*, 475 F.3d 258, 261 (5th Cir.2007) (per curiam). But it is clear from *Sanchez–Villalobos* that the holdings are in the alternative, and that either was a sufficient means to affirm the district court in that case. *Sanchez–Villalobos*, 412 F.3d at 576.

Court accepts *Sanchez–Villalobos's* continuing value as precedent binding on the Court. That decision is supported by the spirit and reasoning of *Lopez,* which directs the Court to consider how a defendant's prior conviction would be punished under federal law. It is clear here that Defendant had a final state conviction for a drug offense at the time he engaged in the possession of cocaine in Texas. The State of Texas subsequently convicted Defendant for this second offense, but the nature of his sentence is irrelevant to the Court. As with Sanchez–Villalobos, had Defendant been charged in federal court, his conduct "could have been punished under § 844(a) as a felony with a penalty of up to two years imprisonment." *Sanchez–Villalobos,* 412 F.3d at 577. Had Defendant's second conviction been prosecuted under federal law, the CSA would have treated it as a felony.

This same reasoning—a focus on how the second conviction would have been punished in a "hypothetical federal prosecution"—was recently adopted by Judge Hanen in his post-*Lopez* decision in *United States v. Castro–Coello,* 474 F.Supp.2d 853, 859–60 (S.D.Tex.2007). After a thorough analysis of the *Lopez* decision, Judge Hanen held that a defendant's second state drug conviction, after a qualifying final prior conviction, constituted a "felony punishable under the Controlled Substances Act." *Id.* at 859. The Court sees no reason to depart from the well-reasoned analysis of *Castro–Coello* and the Fifth Circuit's decision in *Sanchez–Villalobos.*

## III. CONCLUSION

Based on the foregoing analysis, the Court concludes that a defendant's second state conviction for possession of a controlled substance, based on conduct committed after his first conviction for a drug offense becomes final, is a "felony punisha-ble under the Controlled Substances Act," and therefore an "aggravated felony" qualifying the defendant for the eight-level increase of U.S. S.G. § 2L1.2(b)(1)(C). The Court is therefore of the opinion that Defendant's objection should be denied.

Accordingly, **IT IS ORDERED** that Defendant Jesus Lopez–Molina's objection to an eight-level increase for a prior conviction of an aggravated felony is **DENIED.**