# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-51319
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERNESTO PACHECO-SANCHEZ, also known as Eufemio Espinoza-Barron

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1639-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ernesto Pacheco-Sanchez appeals his 34-month sentence following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. The district court enhanced Pacheco's sentence by eight levels because it determined that his second state-law conviction for possession of a controlled substance qualified as an "aggravated felony" under the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g., United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Pacheco contends that, in the light of the Supreme Court's decision in Lopez v. Gonzales, 549 U.S. 47 (2006), his second state-law conviction does not qualify as an aggravated felony. Pursuant to United States v. Cepeda-Rios, 530 F.3d 333, 334-36 (5th Cir. 2008), Lopez has not altered our holding in United States v. Sanchez-Villalobos, 412 F.3d 572 (5th Cir. 2005), that a second state conviction for simple possession qualifies as an aggravated felony sufficient to support the imposition of the eight-level enhancement under § 2L1.2(b)(1)(C).

AFFIRMED.