**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Miguel Angel MENDEZ–MONROY,**
**Defendant–Appellant.**

No. 08–50790
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 16, 2009.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

Miguel Angel Mendez–Monroy (Mendez) appeals the sentence imposed following his guilty plea conviction of violating 8 U.S.C. § 1326 by being found in the United States without permission, following removal. He contends that the district court erred by enhancing his sentence pursuant to United States Sentencing Guideline

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(C). Citing *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), Mendez contends that his third state conviction of possessing a controlled substance is not a "drug trafficking offense" and thus is not an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43) for purposes of § 2L1.2(b)(1)(C). He argues that his third state possession offense does not correspond to a felony violation of the Controlled Substances Act as required by *Lopez* because recidivist proceedings were not invoked in his case.

In *United States v. Sanchez–Villalobos,* 412 F.3d 572, 577 (5th Cir.2005), this court held that a second state offense of possessing a controlled substance is considered an "aggravated felony" for purposes of § 2L1.2(b)(1)(C) because such an offense, if charged in federal court, could be punished as a felony under 21 U.S.C. § 844(a). In light of *Sanchez–Villalobos,* the district court did not err by enhancing Mendez's sentence under § 2L1.2(b)(1)(C). *See also* § 844(a) (providing that simple possession is punishable as a felony if the defendant commits the offense after a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State has become final). In *United States v. Cepeda–Rios,* 530 F.3d 333, 335–36 (5th Cir.2008), this court affirmed a defendant's sentence based on *Sanchez–Villalobos* and held that the Supreme Court's decision in *Lopez* did not require it to abandon the holding in that case. Mendez concedes that his argument is foreclosed by this court's decision in *Cepeda–Rios.* He raises his argument solely to preserve it for Supreme Court review.

Mendez does not allege that the district court committed any other procedural error in imposing his sentence and does not allege that his sentence is substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Accordingly, the judgment of the district court is AFFIRMED.