# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-40779
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CRUZ ALFARO-CARDENAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-280-ALL

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Cruz Alfaro-Cardenas (Alfaro) appeals the sentence imposed following his guilty plea conviction of violating 8 U.S.C. § 1326 by being found in the United States without permission, following removal. He contends that the district court erred by enhancing his sentence pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(C). Citing *Lopez v. Gonzales*, 549 U.S. 47 (2006), Alfaro contends that his second state conviction of possessing a controlled substance is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not a "drug trafficking offense" and thus is not an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43) for purposes of § 2L1.2(b)(1)(C). He argues that his second state possession offense does not correspond to a felony violation of the Controlled Substances Act as required by *Lopez* because recidivist proceedings were not invoked in his case.

In *United States v. Sanchez-Villalobos*, 412 F.3d 572, 577 (5th Cir. 2005), this court held that a second state offense of possessing a controlled substance is considered an "aggravated felony" for purposes of § 2L1.2(b)(1)(C) because such an offense, if charged in federal court, could be punished as a felony under 21 U.S.C. § 844(a). In light of *Sanchez-Villalobos*, the district court did not err by enhancing Alfaro's sentence under § 2L1.2(b)(1)(C). *See also* § 844(a) (providing that simple possession is punishable as a felony if the defendant commits the offense after a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State has become final). In *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), this court affirmed a defendant's sentence based on *Sanchez-Villalobos* and held that the Supreme Court's decision in *Lopez* did not require it to abandon the holding in that case. Alfaro concedes that his argument is foreclosed by this court's decision in *Cepeda-Rios*. He raises his argument solely to preserve it for Supreme Court review.

Alfaro does not allege that the district court committed any other procedural error in imposing his sentence and does not allege that his sentence is substantively unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Accordingly, the judgment of the district court is AFFIRMED.