# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50979
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN RODRIGUEZ-MONTELVO, also known as Juan Montelvo-Rodriguez,
also known as Juan Cantu-Gonzalez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-287-ALL

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Rodriguez-Montelvo appeals the sentence imposed following his guilty plea conviction of violating 8 U.S.C. § 1326(a) and (b)(2) by being found in the United States without permission, following removal. He contends that the district court erred by enhancing his sentence pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(C). Citing *Lopez v. Gonzales*, 549 U.S. 47 (2006), Rodriguez-Montelvo contends that his second state conviction of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessing a controlled substance is not a "drug-trafficking offense," and thus is not an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43) for purposes of § 2L1.2(b)(1)(C). He argues that his second state possession offense does not correspond to a felony violation of the Controlled Substances Act as required by *Lopez* because recidivist proceedings were not invoked in his case.

In *United States v. Sanchez-Villalobos*, 412 F.3d 572, 577 (5th Cir. 2005), this court held that a second state offense of possessing a controlled substance is considered an "aggravated felony," for purposes of § 2L1.2(b)(1)(C) because such an offense, if charged in federal court, could be punished as a felony under 21 U.S.C. § 844(a). In light of *Sanchez-Villalobos,* the district court did not err by enhancing Rodriguez-Montelvo's sentence under § 2L1.2(b)(1)(C). In *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), this court affirmed a defendant's sentence based on *Sanchez-Villalobos* and held that the Supreme Court's decision in *Lopez* did not require it to abandon the holding in that case. Rodriguez-Montelvo concedes that his argument is foreclosed by this court's decision in *Cepeda-Rios*. He raises his argument solely to preserve it for Supreme Court review.

Rodriguez-Montelvo does not allege that the district court committed any other procedural error in imposing his sentence and does not allege that his sentence is substantively unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Accordingly, the judgment of the district court is AFFIRMED.