# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2010

No. 09-60832
Summary Calendar

Lyle W. Cayce
Clerk

MARXALL R. CAMPOS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A041 743 290

Before KING, DeMOSS, and DENNIS, Circuit Judges

PER CURIAM:[*]

Marxall R. Campos, a citizen and native of the Dominican Republic, petitions this court for review of the order issued by the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ's) determination that he was ineligible for cancellation of removal.

Relying on *Carachuri-Rosendo v. Holder*, 570 F.3d 263 (5th Cir. 2009), *reversed*, ___ S. Ct. ___, 2010 WL 2346552 (U.S. June 14, 2010); *United States v. Cepeda-Rios*, 530 F.3d 333 (5th Cir. 2008), and *United States v. Sanchez-*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Villalobos*, 412 F.3d 572 (2005), *abrogated in part by Lopez v. Gonzales*, 549 U.S. 47, 58-60 (2006), the BIA held that Campos's second misdemeanor criminal possession of cocaine constituted an aggravated felony because it corresponded to the recidivist provisions of 21 U.S.C. § 844(a). The Supreme Court has since reversed *Carachuri-Rosendo*, rejecting this court's "hypothetical approach" and holding that "the defendant must . . . have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Carachuri-Rosendo*, 2010 WL 2346552, *11. As in *Carachuri-Rosendo*, Campos was not actually convicted under the state recidivist statute. In accordance with the Supreme Court's ruling, Campos's petition for review is GRANTED and the order of the BIA is VACATED and REMANDED.