# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 29, 2009

Charles R. Fulbruge III
Clerk

No. 07-61006

JOSE ANGEL CARACHURI-ROSENDO

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition For Review of an Order
of the United States Board of Immigration Appeals

Before JONES, Chief Judge, and KING and ELROD, Circuit Judges.

EDITH H. JONES, Chief Judge:

Jose Angel Carachuri-Rosendo appeals an *en banc* order of the Board of Immigration Appeals (BIA) holding that he is ineligible for cancellation of removal based on a recidivist state misdemeanor conviction for drug possession that could have been punished as a felony under the federal Controlled Substances Act. The repeat conviction was deemed an aggravated felony under the Immigration and Naturalization Act (INA). Because this holding is correct, we DENY Carachuri's petition for review.

## I. Background

Carachuri was admitted to the United States in 1993 and became a lawful permanent resident. In 2004, in a Texas court, he pled guilty to misdemeanor possession of marijuana and was sentenced to 20 days in jail. *See* TEX. HEALTH & SAFETY CODE § 481.121. A year later, he pled *nolo contendere*, also in Texas, to misdemeanor possession of Alprazolam (Xanax) and was sentenced to 10 days in jail. *See* TEX. HEALTH & SAFETY CODE § 481.117(b). He was not prosecuted under Texas law as a recidivist. *See* TEX. PENAL CODE § 12.43.

In October 2006, Carachuri received notice that he was removable for having "been convicted of a violation of . . . any law . . . of a State . . . relating to a controlled substance." *See* 8 U.S.C. § 1227(a)(2)(B)(i). Carachuri applied for cancellation of removal,[1] but an immigration judge ruled that Carachuri was ineligible because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3) (preventing cancellation of removal for aliens convicted of aggravated felonies). Specifically, the judge ruled Carachuri had committed a "drug trafficking crime," an aggravated felony under the INA, 8 U.S.C. § 1101(a)(43)(B), which is defined by reference to 18 U.S.C. § 924(c)(2) as "any felony punishable under the Controlled Substances Act." Under the CSA, in turn, a misdemeanor possession offense—committed after the conviction for a prior misdemeanor possession offense is final—can be punished as a felony because conviction requires a term of "not less than 15 days but not more than 2 years." 21 U.S.C. § 844(a); 18 U.S.C. § 3559(a) (defining a felony as any offense punishable by more than one year in prison). Because Carachuri's second state conviction could have been punished as a felony under the CSA, had he been

---

[1] The Attorney General may cancel removal if an alien who is inadmissible or deportable has resided in the United States continuously for at least seven years, has been a lawful permanent resident for five years, and has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a).

prosecuted in federal court, he committed a "drug trafficking crime," making him ineligible for cancellation of removal.

Carachuri appealed to the BIA, which issued an *en banc* opinion. The BIA's preferred interpretation of 8 U.S.C. § 1101(a)(43)(B) would require that an alien's "status as a recidivist drug possessor must have been admitted or determined by a court or jury within the prosecution for the second drug crime." *In re Carachuri-Rosendo*, 24 I. & N. Dec. 382, 391 (B.I.A. 2007). In other words, the second possession offense, the BIA reasoned, must be prosecuted under a state recidivism law that corresponds to the federal recidivism law; immigration judges should not go outside the record of the second conviction to determine what, hypothetically, might have been prosecuted. *Id.* at 393. The BIA did not follow this reasoning, however, because it was bound by this court's decision in *United States v. Sanchez-Villalobos*, 412 F.3d 572 (5th Cir. 2005). There, we held, as the immigration judge did here, that a second state misdemeanor possession offense qualifies as an aggravated felony simply because it could have been prosecuted as a felony under federal law. *Id.* at 577. Accordingly, the BIA dismissed Carachuri's appeal, and Carachuri filed a timely petition for review.

## II. Jurisdiction and Standard of Review

Although Carachuri has been deported, his removal does not render moot an otherwise valid petition for review of a removal order because he could pursue an application for cancellation of removal. *See Lopez v. Gonzales*, 549 U.S. 47, 52 n.2, 127 S. Ct. 625, 629 n.2 (2006). We are generally prohibited from reviewing removal orders for aliens who have committed an aggravated felony. *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460-61 (5th Cir. 2006) (citing 8 U.S.C. § 1252(a)(2)(C)). A statutory exception, however, confers jurisdiction to review constitutional or legal questions raised in removal petitions. *Id.* at 461 (citing 8 U.S.C. § 1252(a)(2)(D)). Carachuri's petition for review falls within this exception, and we review the BIA's resolution of legal claims *de novo*. *See id.*

## III. Discussion

Carachuri, with amicus curiae, advances the BIA's preferred interpretation of 8 U.S.C. § 1101(a)(43)(B) as applied to his case. Unlike the BIA, he contends that this court's alternative holding in *United States v. Sanchez-Villalobos*, 412 F.3d 572 (5th Cir. 2005), and our intervening decision in *United States v. Cepeda-Rios*, 530 F.3d 333 (5th Cir. 2008), do not control his case. They do.

In *Sanchez-Villalobos*, this court held, in a ruling since abrogated, that a single state drug possession conviction qualifies as an aggravated felony if the state crime is punishable under the CSA and it is punishable as a felony under state or federal law. 412 F.3d at 576. In an alternative, but still viable, holding this court also concluded that Sanchez's state possession offense qualified as an aggravated felony because it was his second possession offense and, therefore, could have been punished as a felony under the CSA's recidivism provision. *Id.* As we have often recognized, alternative holdings are binding precedent, not dicta. *E.g.*, *United States v. Wright*, 496 F.3d 371, 375 n.10 (5th Cir. 2007).

The first holding was abrogated by the Supreme Court's opinion in *Lopez v. Gonzalez*, 549 U.S. 47, 127 S. Ct. 625 (2006), an immigration case. The Court rejected the argument that a *single* possession offense punished as a felony under state law, but as a misdemeanor under the CSA, qualifies as an aggravated felony. The Court was concerned that varying state criminal law classifications would frustrate the scheme Congress chose.[2] *Id.* at 58-59, 127 S. Ct. at 632-33. Recognizing this potential incongruity, the Court concluded that federal, not state law is determinative. It held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it

---

[2] "We cannot imagine that Congress took the trouble to incorporate its own statutory scheme of felonies and misdemeanors if it meant courts to ignore it whenever a State chose to punish a given act more heavily." *Id.* at 58, 127 S. Ct. at 632-33.

proscribes conduct punishable as a felony under that federal law." *Id.* at 60, 127 S. Ct. at 633. This procedure, which looks to conduct proscribed by state law, not just the elements of the state law offense, and compares that conduct to federal law has been termed the "hypothetical approach."[3] *See, e.g.*, *United States v. Cepeda-Rios*, 550 F.3d 333, 335 (5th Cir. 2008) (per curiam); *United States v. Pacheco-Diaz*, 513 F.3d 776, 779 (7th Cir. 2008) (per curiam) *denying rh'g* to 506 F.3d 545 (7th Cir. 2007); *Behre v. Gonzales*, 464 F.3d 74, 80, 84 (1st Cir. 2006).

Although *Lopez* abrogated *Sanchez-Villalobos*'s first holding, the alternative holding remained untouched. In *United States v. Cepeda-Rios*, 550 F.3d 333 (5th Cir. 2008) (per curiam), we reaffirmed that *Lopez* is "consistent with our earlier 'hypothetical' approach in *Sanchez-Villalobos*," and determined that a second state possession offense that could have been punished as a felony under federal law qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *Id.* at 334-35. Consequently, Carachuri's case is controlled by the alternative holding in *Sanchez-Villalobos*, as unaltered by the Supreme Court in *Lopez*, and as reaffirmed in *Cepeda-Rios*.

Nevertheless, Carachuri argues that the hypothetical approach applied in both *Sanchez-Villalobos* and *Cepeda-Rios* contravenes our prior case law. This court follows a categorical approach for immigration cases, under which "courts

---

[3] The hypothetical approach should not be confused with the modified categorical approach. Under our modified categorical approach, a court or immigration official may look at the record of conviction to determine under which subsection of a multi-offense statute an alien was convicted. *See Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006); *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005). Sometimes this court uses yet a different approach in sentencing contexts. *See United States v. Carbajal-Diaz*, 508 F.3d 804, 807-09 (5th Cir. 2007) (explaining how the modified categorical approach differs for enumerated offenses and crime of violence sentencing enhancements). *Lopez*'s hypothetical approach does not involve looking at the record of conviction. It only means going beyond the state statute's elements to look at the hypothetical conduct a state statute proscribes. *See United States v. Pacheco-Diaz*, 513 F.3d 776 , 778-779 (7th Cir. 2008) (per curiam) *denying reh'g to* 506 F.3d 545 (7th Cir. 2007).

look to the text of the statute violated, not the underlying factual circumstances." *See Lopez-Elias v. Reno*, 209 F.3d 788, 791 (5th Cir. 2000); *Martinez v. Mukasey*, 508 F.3d 255, 258 (5th Cir. 2008) (per curiam).[4] Because the hypothetical approach departs from past precedent, Carachuri argues, *Sanchez-Villalobos* and *Cepeda-Rios* must be abandoned. *See Central Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001) ("[O]ne panel of this court may not overrule another.")

This argument is misplaced. We are not confined to the categorical approach in cases like Carachuri's because the Supreme Court in *Lopez* goes beyond the categorical approach. *Lopez*, 549 U.S. at 60, 127 S. Ct. at 633 (emphasis added) (ruling that if the *conduct* proscribed by state offense could have been prosecuted as a felony under the CSA, then the state conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)); *see Pacheco-Diaz*, 513 F.3d at 779; *Rashid v. Mukasey*, 531 F.3d 438, 443 (6th Cir. 2008) ("The *Lopez* Court . . . embraced the hypothetical federal-felony approach."). *Lopez* did not hold that courts or immigration officials should look to the alien's actual conduct as reflected in the record of conviction. But courts must look beyond the text of the state statute violated—a departure from the categorical approach, which confines courts to that text. *Pacheco-Diaz*, 513 F.3d at 779 ("Looking at the conduct reflected in the state convictions, as opposed to the precise state crime charged, is the only way to implement the hypothetical-federal-felony view that *Lopez* adopted as its holding.").

The hypothetical approach in *Sanchez-Villalobos* and *Cepada-Rios* moves incrementally, and justifiably, from the Supreme Court's holding in *Lopez*, which involved only one state possession conviction. Under this court's approach for successive state possession convictions, a court or an immigration official

---

[4] The modified categorical approach described in note 3 is an exception to the categorical approach and is not at issue here.

characterizes the conduct proscribed in the latest conviction, by referring back to the conduct proscribed by a prior conviction as well.[5]  In *Cepeda-Rios*, we ruled this procedure was supported by *Lopez*'s holding that federal law should control; by its reasoning, which expressed concern that differences among state laws will frustrate federal classifications; and by its footnote, which expressly recognized that federal statutes referring to illicit drug "trafficking" are "counterintuitively" defined to include recidivist possession offenses.  *Cepeda-Rios*, 530 F.3d at 335.[6]  Because nothing in *Cepeda-Rios* squarely contradicts our prior cases, we may not  disregard it.[7]

---

[5] Although this court has already chosen sides, we note a circuit split regarding how the hypothetical approach applies when the alien has two state possession convictions.  The Seventh Circuit agrees with this court's approach.  *See Fernandez v. Mukasey*, 544 F.3d 862 (7th Cir. 2008); *United States v. Pacheco-Diaz*, 506 F.3d 545 (7th Cir. 2007) *reh'g denied*, 513 F.3d 776 (7th Cir. 2008) (per curiam).  But the First, Second, Third, and Sixth Circuits have adopted the approach the BIA advocated in its *en banc* opinion in this case, 24 I. & N. Dec. 382 (B.I.A. 2007).  *See Behre v. Gonzales*, 464 F.3d 74 (1st Cir. 2006); *Alsol v. Mukasey*, 548 F.3d 207 (2d Cir. 2008); *Gerbier v. Holmes*, 280 F.3d 297 (3d Cir. 2002); *Rashid v. Mukasey*, 531 F.3d 438 (6th Cir. 2008).

[6]  *See Lopez*, 549 U.S. at 55 n.6, 127 S. Ct. at 630 n.6:

Of course, we must acknowledge that Congress did counterintuitively define some possession offenses as "illicit trafficking." Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as possession of cocaine base and *recidivist possession, see 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2)*, regardless of whether these federal possession felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech. But this coerced inclusion of a few possession offenses in the definition of "illicit trafficking" does not call for reading the statute to cover others for which there is no clear statutory command to override ordinary meaning. (emphasis added).

[7] Carachuri argues that lenity should apply, but lenity is only appropriate where "there is grievous ambiguity or uncertainty in the statute." *United States v. Salazar*, 542 F.3d 139, 147 (5th Cir. 2008) (quoting *Muscarello v. United States*, 524 U.S. 125, 138-139, 118 S. Ct. 1911, 1919 (1998)).  As we have interpreted the relevant statutory language, no such grievous ambiguity exists.

Carachuri, supported by amicus, also contends that criminal sentencing cases, like *Cepeda-Rios* and *Sanchez-Villalobos*, should not be applied in the immigration context, where the absence of criminal procedural safeguards denies aliens a fair opportunity to challenge their prior convictions. Accordingly, he reprises his argument that recidivism should be established at the prior state criminal proceeding, not by an immigration judge. This is not a textual argument, and the distinction it suggests has been repeatedly rejected. The statute analyzed in both sentencing and immigration cases is the same. *See* 8 U.S.C. § 1101(a)(43)(B); *United States v. Hernandez-Avalos*, 251 F.3d 505, 509 (5th Cir. 2001). Further, *Lopez* explicitly recognized that a definition for the aggravated felony at issue here controls both sentencing cases and the Attorney General's discretion to cancel removal. *Lopez*, 549 U.S. at 50-51, 127 S. Ct. at 628 (interpreting 8 U.S.C. § 1101(a)(43)(B)). This court is compelled to hold that "*Lopez* ineluctably applies with equal force to immigration and criminal cases." *United States v. Estrada-Mendoza*, 475 F.3d 258, 261 (5th Cir. 2007) (per curiam); *see also Fernandez v. Mukasey*, 544 F.3d 862, 868 (7th Cir. 2008); *United States v. Matamoros-Modesta*, 523 F.3d 260, 264–65 (4th Cir. 2008); *United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1216 (9th Cir. 2007).

## IV. Conclusion

For the foregoing reasons, Carachuri's petition for review is **DENIED**.