**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-60115
Summary Calendar

ARMIN EIVANAKI ESMAILI, also known as Armin Eivanaki Esmail,

Petitioner

v.

ERIC H. HOLDER, JR.,

Respondent

Petition for Review of the
Board of Immigration Appeals
BIA No. A042-755-771

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Armin Eivanaki Esmaili seeks review of a Board of Immigration Appeals (BIA) decision affirming the Immigration Judge's (IJ) finding that Esmaili was removable and ineligible for relief from removal due to his criminal convictions. We DENY the petition for review.

Esmaili, who was a lawful permanent resident, was convicted in state court of marijuana possession on two separate occasions – April 4, 2001 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

February 6, 2007. Thereafter, he was convicted in state court of possession of cocaine on August 8, 2008, following an April 8, 2008 arrest.

The IJ found that the August 2008 conviction was a controlled substance violation, and the BIA affirmed. The IJ also found that Esmaili was ineligible for relief from removal because he was convicted of the equivalent of an aggravated felony. As to the latter determination, the IJ placed the burden of proof on Esmaili. The BIA, relying upon its decision in *In the Matter of Carachuri-Rosendo*, 24 I&N Dec. 382 (BIA 2007), similarly affirmed this finding and holding. The BIA in *Carachuri-Rosendo* concluded that, under our precedent, a second drug possession offense committed after a first drug possession offense was final is the equivalent of an aggravated felony under federal law, even if no recidivist prosecution was conducted in state court. *Cf.* 8 U.S.C. § 1101(a)(43)(B) & 8 U.S.C. § 1229b(a)(3).

In his appeal to our court, Esmaili relied entirely upon the fact that the BIA's decision in *Carachuri-Rosendo* was on appeal to this court and might be reversed. However, after Esmaili filed his opening brief (but before the deadline for the Government's brief and Esmaili's reply), we affirmed our prior precedent in *Carachuri-Rosendo v. Holder*, 570 F.3d 263, 268 (5th Cir. 2009), *petition for cert. filed*, 78 U.S.L.W. 3058 (U.S. Jul. 15, 2009)(No. 09-60). Esmaili has made no argument in this case that survives our holding in that case. Accordingly, we

are bound by prior precedent to deny Esmaili's petition for review.[1]  Review DENIED.

---

[1]  The question of whether an offense constitutes an "aggravated felony" under the immigration laws is a question of law over which we have jurisdiction.  8 U.S.C. § 1252(a)(2)(C) & (D).  However, the Government argues that we lack jurisdiction over this case because Esmaili does not have a "colorable" question of law concerning his conviction. Although we conclude that Esmaili's arguments are foreclosed by our precedent, we do not find his arguments so frivolous that they deprive us of our jurisdiction over questions of law, such as this one.  Unlike the case cited by the Government – *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 561 (5th Cir. 2006) – Esmaili does not challenge a discretionary determination.  His challenge is solely to the question of whether his convictions *preclude* the exercise of discretion.  We conclude that we have jurisdiction over this appeal.