# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-60285
Summary Calendar

GORDON ANTHONY STRAKER,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34 989 174

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gordon Anthony Straker petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order that he be removed from the United States. Straker also implicitly challenges the BIA's denial of his motion to reopen. Straker argues that his convictions under N.Y. PENAL LAW § 221.40 for sale of marijuana in the fourth degree do not constitute aggravated felonies that rendered him ineligible for cancellation of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Straker has abandoned any challenge to the denial of his applications for withholding of removal and for protection under the Convention Against Torture. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Under 8 U.S.C. § 1252(a)(2)(C), federal courts lack jurisdiction to review a final order of removal against an alien who is removable because he was convicted of an aggravated felony. *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001). Furthermore, to the extent that Straker challenges the BIA's denial of his motion to reopen, we lack jurisdiction to consider those arguments because Straker did not file a separate petition for review. *See Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). However, we retain jurisdiction to consider constitutional claims or questions of law raised upon a petition for review. § 1252(a)(2)(D); *Carachuri-Rosendo v. Holder*, 570 F.3d 263, 265 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60). Because the question whether Straker's conviction is an aggravated felony is a legal one, this court has jurisdiction to review his petition. *See Carachuri-Rosendo*, 570 F.3d at 265.

Straker previously was convicted of criminal possession of a controlled substance in the seventh degree and criminal sale of marijuana in the fourth degree. This court recently held that a recidivist state misdemeanor conviction for drug possession will render an alien ineligible for cancellation of removal because the offense qualifies as an aggravated felony under the recidivist enhancement provision of 21 U.S.C. § 844(a). *Carachuri-Rosendo*, 570 F.3d at 264, 266-67. Thus, Straker's conviction of criminal sale of marijuana in the fourth degree, which followed his prior state misdemeanor drug conviction, was punishable as a federal felony under the recidivist provision of § 844(a). Straker therefore committed an "aggravated felony" that rendered him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

PETITION FOR REVIEW DENIED