# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60579
Summary Calendar

MACDONALD OKECHUKWU OSUAGWU

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 957 896

Before DAVIS, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Macdonald Okechukwu Osuagwu, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' (BIA's) dismissal of his appeal from the immigration judge's final order of deportation and determination of Osuagwu's ineligibility for cancellation of removal, pursuant to 8 U.S.C. § 1229b(a) (providing for cancellation of removal for certain permanent residents), because he had committed an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On more than one occasion since his admission to the United States, Osuagwu has been convicted in state court of possession of a controlled substance. He contends his classification as an aggravated felon under federal law, based on his state drug-possession convictions, is improper because: (1) his subsequent conviction did not involve a finding that he was a recidivist under state law; and (2) he was sentenced to serve less than a year in prison for this conviction. He also claims denial of his application for cancellation of removal violates his due-process and equal-protection rights. Osuagwu has failed to adequately brief his other contentions. *See, e.g.*, *Perillo v. Johnson*, 79 F.3d 441, 443 n.1 (5th Cir. 1996) (holding attempts to incorporate by reference previous briefs are insufficient to preserve error); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001) (holding we do not have jurisdiction to consider claims not presented before the BIA, such as Osuagwu's assertion that his second conviction was flawed or nonfinal).

Our recent case law confirms the BIA correctly determined Osuagwu had committed an aggravated felony for immigration-law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-67 (5th Cir. 2009), *petition for cert. filed* 78 U.S.L.W. 3058 (U.S. 15 July 2009) (No. 09-60). "[A] second state possession offense that could have been punished as a felony under federal law qualifie[s] as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)". *Id.* at 266–67. Because Osuagwu's second offense could have been prosecuted as a felony under federal law, *see* 21 U.S.C. § 844(a) (setting out certain drug offenses and punishments), he was properly determined to be ineligible for discretionary cancellation of removal.

Osuagwu's due-process claim fails because he has no due-process rights in connection with his application for this type of discretionary relief. *See Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (holding "the failure to receive relief that is purely discretionary in nature does not amount to a

deprivation of a liberty interest", in which case no due process rights exist (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999))).

Finally, Osuagwu's equal-protection claim fails because he has not shown "the existence of purposeful discrimination". *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987) (quoting *Whitus v. Georgia*, 385 U.S. 545, 550 (1967)).

DENIED.