# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60108
Summary Calendar

JULIO CESAR DIAZ-SAENZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A37 999 602

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Diaz-Saenz, a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ) order finding him removable, pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), and ineligible for cancellation of removal, pursuant to 8 U.S.C. § 1229b(a)(3), because he had committed an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Diaz-Saenz abandons by failing to brief any challenge to the determination that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i), based on his controlled substance violations. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Diaz-Saenz, who was convicted in November 2001 in state court for possession of marijuana and who has a prior state court drug conviction, contends that the BIA erred by treating his 2001 conviction as equivalent to an aggravated felony under the recidivist provisions of the Controlled Substances Act. *See* 21 U.S.C. § 844(a). The BIA correctly determined that Diaz-Saenz had committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-68 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60). Accordingly, the petition for review is DENIED.