# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60234
Summary Calendar

DAVID JOSHUA MARTINEZ-VALERO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 502 097

Before REAVLEY, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Joshua Martinez-Valero, a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) finding that Martinez-Valero was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3). Martinez-Valero, who was convicted in state court of possession of controlled substances on more than one occasion since his admission to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States, contends that his second state simple possession conviction should not be treated as an aggravated felony because the Fifth Circuit decision allowing such treatment is no longer valid law, because the actual conviction was not an aggravated felony conviction, and because Martinez-Valero was not given notice in the state proceedings of the second conviction that the prior conviction would be used to increase his sentence as would have been required for a federal recidivist possession charge. *See* 21 U.S.C. §§ 844, 851.

The BIA correctly determined that Martinez-Valero had committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-68 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60); 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. §§ 924(c)(2), 3559(a). Therefore, Martinez-Valero was both removable under § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal under 8 U.S.C. § 1229b. Moreover, the federal notice requirement of 21 U.S.C. § 851 did not apply to the state court proceedings that resulted in Martinez-Valero's second possession conviction. *See United States v. Cepeda-Rios*, 530 F.3d 333, 336 n.11 (5th Cir. 2008); *see also Carachuri-Rosendo*, 570 F.3d at 268.

Martinez-Valero's petition for review is DENIED.