**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60424
Summary Calendar

LENNOX STANLEY, also known as Stanley McVean, also known as
Leonard Stanly, also known as Lenox McBean, also known as
Lenox Stanley, also known as Leonard Stanley, also known as
Stanley Lennox,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A41 329 777

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lennox Stanley, a native and citizen of Guyana, petitions this court to
review the decision of the Board of Immigration Appeals (BIA) dismissing his
appeal and affirming the immigration judge's (IJ) decision that Stanley was
ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3) because
he had committed an aggravated felony. Stanley, who has been convicted in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

state court of possession of controlled substances on more than one occasion since his admission to the United States, contends that his second state misdemeanor conviction should not be treated as an aggravated felony under federal law because the Fifth Circuit decision allowing such treatment is no longer valid law. He also argues that his second conviction was not punishable under the federal recidivist drug-possession statute because he was not given proper notice in the proceedings of the second conviction of any intent to use the previous conviction to increase his sentence.

The BIA correctly determined that Stanley had committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-68 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60); 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. §§ 924(c)(2), 3559(a). Therefore, Stanley was ineligible for cancellation of removal under 8 U.S.C. § 1229b. Moreover, the federal notice requirement of 21 U.S.C. § 851 did not apply to the state court proceedings that resulted in Stanley's second narcotics conviction. *See United States v. Cepeda-Rios*, 530 F.3d 333, 335 n.11 (5th Cir. 2008).

\* \* \*

Stanley's petition for review is DENIED.