# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60451
Summary Calendar

DANIEL DE LEON-CASTRO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 621 006

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel De Leon-Castro, a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's final order of removal and determination that De Leon-Castro was ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3) because he had committed an aggravated felony. De Leon-Castro, who was convicted twice in state court of possession of cocaine since his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admission to the United States, contends that his second state conviction for possession of cocaine should not be treated as an aggravated felony because the Fifth Circuit decision allowing such treatment is no longer valid law and because 21 U.S.C. § 851's notice requirements were not satisfied with respect to the second state possession conviction.[1]

The BIA correctly determined that De Leon-Castro had committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-68 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60). Therefore, De Leon-Castro was both removable under § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal under § 1229b. Moreover, the federal notice requirement of § 851 did not apply to the state court proceedings that resulted in De Leon-Castro's second possession conviction. *See United States v. Cepeda-Rios*, 530 F.3d 333, 336 n.11 (5th Cir. 2008).

De Leon-Castro's petition for review is DENIED.

---

[1] Although DeLeon-Castro was deported in 2008, this case is not moot because "[a]n important collateral consequence of our decision . . . is whether [DeLeon-Castro] will be permanently inadmissible to the United States under 8 U.S.C. § 1182(a)(9)(A)(i)-(ii), which bars re-entry of aliens removed for conviction of an aggravated felony." *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).