**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-60745
Summary Calendar

RICHARD LAWRENCE ALEXIS, also known as Richard Alexis, also known as
Richard L Alexis

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43-155-894

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Lawrence Alexis has filed a petition for review of the Board of
Immigration Appeals's (BIA) order denying his appeal of the immigration judge's
determination that he is ineligible for cancellation of removal due to his status
as an aggravated felon. Alexis argues that neither of his state misdemeanor
possession of marijuana convictions was a felony under the Controlled
Substances Act (CSA), and that his recidivism was not punishable under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

CSA as an aggravated felony. He further argues that a federal recidivist conviction requires procedural requirements which were not followed in his case, including an opportunity to challenge the recidivist charge.

Although 8 U.S.C. § 1252(a)(2)(C) generally bars judicial review of a removal order based on the alien's commission of an aggravated felony, this court retains jurisdiction to review constitutional claims or questions of law raised in a petition for review. *Carachuri-Rosendo v. Holder*, 570 F.3d 263, 265 (5th Cir. 2009), *petition for cert. filed*, 78 USLW 3058 (Jul. 15, 2009) (No. 09-60). Because Alexis argues that the BIA's decision was incorrect as a matter of law, this court has jurisdiction to review his claim. *See id.* Review is de novo. *Id.*

In *Carachuri-Rosendo,* 570 F.3d at 263, this court rejected the very arguments raised by Alexis under materially indistinguishable facts. In a letter submitted pursuant to FED. R. APP. P. 28(j), Alexis takes notice of the issuance of the mandate in *Carachuri-Rosendo* and he acknowledges that it "controls the present matter." Given the foregoing, Alexis's petition is DENIED.