**Saqib Abdul RASHEED, also know as Saqub Abdul Rasheed, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 08–60282**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 3, 2009.

Jose W. Vega, Law Office of Jose W. Vega, Houston, TX, for Petitioner.

Todd Jason Cochran, Justin Constantine, John Clifford Cunningham, Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Sandra M. Heathman, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

904

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM: *

Saqib Abdul Rasheed petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ) order that Rasheed was ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3) because he had committed an aggravated felony. Rasheed, who has been convicted in state court of possession of controlled substances on more than one occasion since his admission to the United States, contends that his second state misdemeanor conviction should not be treated as an aggravated felony under federal law because the decision allowing such treatment is no longer valid law. He also argues that his second conviction was not punishable under the federal recidivist drug-possession statute because he was not given proper notice of any intent to use the previous conviction to increase his sentence.

The BIA correctly determined that Rasheed had committed an aggravated felony for immigration law purposes. *See Carachuri–Rosendo v. Holder,* 570 F.3d 263, 266–68 (5th Cir.2009), *petition for cert. filed* (July 15, 2009) (No. 09–60). The federal notice requirement of 21 U.S.C. § 851 did not apply. *See United States v. Cepeda–Rios,* 530 F.3d 333, 336 n. 11 (5th Cir.2008).

Rasheed's petition for review is DENIED.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.