**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-60282
Summary Calendar

SAQIB ABDUL RASHEED, also know as Saqub Abdul Rasheed,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 961 471

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Saqib Abdul Rasheed petitions this court to review the decision of the
Board of Immigration Appeals (BIA) dismissing his appeal and affirming the
immigration judge's (IJ) order that Rasheed was ineligible for cancellation of
removal pursuant to 8 U.S.C. § 1229b(a)(3) because he had committed an
aggravated felony. Rasheed, who has been convicted in state court of possession
of controlled substances on more than one occasion since his admission to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

United States, contends that his second state misdemeanor conviction should not be treated as an aggravated felony under federal law because the decision allowing such treatment is no longer valid law. He also argues that his second conviction was not punishable under the federal recidivist drug-possession statute because he was not given proper notice of any intent to use the previous conviction to increase his sentence.

The BIA correctly determined that Rasheed had committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-68 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60). The federal notice requirement of 21 U.S.C. § 851 did not apply. *See United States v. Cepeda-Rios*, 530 F.3d 333, 336 n.11 (5th Cir. 2008).

Rasheed's petition for review is DENIED.