# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-60063
Summary Calendar

RAY ANTHONY PHILLIP, also known as Ray A Phillip, also known as Ray Phillips, also known as Tony Phillip, also known as Ray A Philip,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 340 336

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ray Anthony Phillip, a native and citizen of Trinidad and Togabo petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3) because he committed an aggravated felony. He has also filed a motion to supplement the record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court need not address Phillip's argument concerning his 1983 firearms conviction because the IJ and BIA did not rely upon that conviction to determine ineligibility for cancellation of removal, but only for the initial decision that Phillip was removable as charged in the notice to appeal. The BIA correctly determined that Phillip's second controlled substance offense constituted an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d at 266-68 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60). Phillip is, therefore, ineligible for cancellation of removal. *See id.*; § 1229b(a). Phillip's argument that his second possession offense is not an aggravated felony under 21 U.S.C. § 844(a) because 21 U.S.C. § 851's notice requirements were not satisfied is unavailing. *See Carachuri-Rosendo*, 570 F.3d at 266; *United States v. Cepeda-Rios*, 530 F.3d 333, 336 n.11 (5th Cir. 2008). Given that his petition for review lacks merit, his motion to supplement the record is denied.

PETITION DENIED; MOTION DENIED.