# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-61126
Summary Calendar

VICTOR JAVIER JIMENEZ-LOPEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A37 441 904

Before BENAVIDES, PRADO, AND SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Victor Javier Jimenez-Lopez, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) order that affirmed the decision by the Immigration Judge (IJ). The IJ found Jimenez's conviction records as clear and convincing evidence that Jimenez was subject to removal for conviction of a crime relating to a controlled substance and denied his application for cancellation of removal under the Immigration and Nationality

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act (INA) as ineligible because of his convictions. For the reasons set forth below, we dismiss his petition in part for lack of jurisdiction and deny in part because the BIA correctly decided that Jimenez's convictions constitute an aggravated felony rendering him ineligible for cancellation of removal.

This Court has statutory jurisdiction to review final orders of removal. INA § 242, 8 U.S.C. § 1252. However, this jurisdiction is restricted by INA § 242(a)(2)(C), which states that courts do not have jurisdiction "to review any final order of removal against an alien" who is removed for crimes relating to a controlled substance under Section 237(a)(2)(B)(i). 8 U.S.C. § 1252(a)(2)(C). Additionally, we are generally forbidden from reviewing removal orders for cases in which the alien has been convicted of an aggravated felony. *Carachuri-Rosendo v. Holder*, 570 F.3d 263, 265 (5th Cir. 2009) (citations omitted). Notwithstanding, we retain jurisdiction to review facts and issues involving a question of law. § 1252(a)(2)(D). Because Jimenez' petition falls within this exception, we review the BIA's rulings of law de novo. *See Carachuri-Rosendo*, 570 F.3d at 265.

Jimenez contends that neither drug conviction is considered a felony under the Controlled Substances Act (CSA), and thus, not an aggravated felony that would render him ineligible for cancellation of removal. Jimenez asks us to reverse the BIA's findings that Jimenez has been convicted of a recidivist offense and that the IJ failed to link Jimenez' homosexuality and HIV/AIDS disease properly together. The BIA found Jimenez removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) because he is an alien who was convicted of a crime relating to a controlled substance.

Jimenez's two drug convictions constitute an aggravated felony. In *United States v. Sanchez-Villalobos*, 412 F.3d 572, 576 (5th Cir. 2005), this Court concluded that two state convictions for possession could be punished as a felony

under the CSA's recidivism provisions.[1]  Later, this Court in *United States v. Cepeda-Rios*, 530 F.3d 333, 334-35 (5th Cir. 2008), stated its approach to this issue in *Sanchez-Villalobos* was still viable after *Lopez* and again decided that a second state possession offense punishable as a felony under federal law qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  *Carachuri-Rosendo*, 570 F.3d at 266-67.  Recently, this Court affirmed an en-banc decision by the BIA in *Carachuri-Rosendo*, that determined that even though the petitioner had been convicted twice of misdemeanor possession charges but was not charged as a recidivist, the convictions met the definition of an aggravated felony under the CSA.  *Id*. at 265.  Here, the facts are similar to those in *Carachuri-Rosendo* because Jimenez also has two misdemeanor state drug conviction that the BIA determined under this Court's case law to meet the definition of an aggravated felon for recidivist possession.  Jimenez's December 2000 conviction under California law require the same elements as a conviction under federal possession would require.  While Jimenez argues that use of cocaine should not be considered the same as possession of cocaine, this argument is foreclosed by our decision in *United States v. Courtney*, 979 F.2d 45, 49 (5th Cir. 1992), in which we determined that possession and use were not distinct crimes with separate elements.  Jimenez's 2004 conviction under Florida law constitutes his second conviction that may be considered together to meet the definition of an aggravated felony under 21 U.S.C. § 844(a).  *See Sanchez-Villalobos*, 412 F.3d at 576-77.  Thus, Jimenez's two drug convictions render him ineligible for cancellation of removal.

Jimenez also asks this Court to review his claim for withholding of removal.  But, as Jimenez merely disagrees with the Board's finding of evidence

---

[1] The Supreme Court in *Lopez v. Gonzales*, 549 U.S. 47 (2006), abrogated one of the *Sanchez-Villalobos*' holdings but left intact this determination.  *See Carachuri-Rosendo*, 570 F.3d at 266-67.

and does not raise a constitutional claim or question of law, we lack jurisdiction to review.

Therefore, the petition for review is DENIED.