**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 07-60445
Summary Calendar

CHARLES EGBERT CLARKE, also known as Shawn Phillips, also known as
Charlie Charkes, also known as Charles Clark, also known as Sean C Phillips,
also known as Karl J Clarke, also known as Junior Davis, also known as Junior
Smith, also known as Charle Willmoe, also known as Rambo Gibbs, also known
as Junior Kojak, also known as Shan Phillips

                                                            Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

                                                            Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A39 059 578

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Charles Egbert Clarke, a native and citizen of Guyana, petitions this court
for review of the decision of the Board of Immigration Appeals (BIA) dismissing
his appeal and affirming the immigration judge's (IJ) order finding him ineligible
for cancellation of removal because he had committed an aggravated felony;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) because he had been convicted of a controlled substance violation; and removable pursuant to § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony. Because Clarke did not present any argument before the BIA challenging the IJ's determination that he was removable pursuant to § 1227(a)(2)(B)(i), no such argument may be considered now. *See Witter v. INS*, 113 F.3d 549, 554 (5th Cir. 1997). Section § 1227(a)(2)(B)(i) provided an alternate basis for his removability, and, therefore, any challenges to his removability now are unavailing.

Clarke contends that the BIA erred in finding that he had committed an aggravated felony such that he was statutorily ineligible for cancellation of removal. Clarke was convicted in New York in 2006 of criminal possession of crack cocaine in the seventh degree after he had been convicted in New York in 1995 of criminal possession of cocaine in the seventh degree. The BIA did not err in concluding that Clarke had committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-68 (5th Cir. 2009), *petition for cert. filed* (July 15, 2009) (No. 09-60); *Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 290-91 (5th Cir. 2007). Clarke also claims that several due process violations occurred with respect to his removal proceedings. Because those claims were not exhausted before the BIA, this court lacks jurisdiction to consider them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Clarke has also filed a petition for review (PFR) of the BIA's denial of his motion for reconsideration. The arguments involved in that PFR are identical to arguments raised with respect to Clarke's PFR from the BIA's dismissal of his appeal. Accordingly, Clarke's PFR from the denial of his motion for reconsideration lacks merit for same reasons above. The Government moves to dismiss Clarke's PFR from the denial of his motion for reconsideration.

For the reasons stated above, Clarke's PFR from the dismissal of his appeal is DENIED, his PFR from the denial of his motion for reconsideration is DENIED, and the Government's motion to dismiss is DENIED as unnecessary.