# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-60125
Summary Calendar

Lyle W. Cayce
Clerk

TERRON WILLIAM RAMLAL, also known as Terron Ramlal,

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 126 775

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Terron William Ramlal, a native and citizen of Trinidad and Tobago, has filed a pro se petition for review of the January 30, 2009, order of the Board of Immigration Appeals (BIA) holding that he was removable because of a prior aggravated felony conviction. Because he did not file a petition for review of the BIA's separate order denying his motion to reopen, we are without jurisdiction to consider it. *See* 8 U.S.C. § 1252(b)(1), (6); *Stone v. INS*, 514 U.S. 386,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

393-95, 405 (1995). We consider only the issues raised that concern the January 30, 2009, order.

Ramlal seeks a remand of his case to the BIA to determine whether his recidivism had to be established in the state court criminal proceeding for the second possession offense in order for the offense to qualify as an aggravated felony. This argument is without merit. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 265-68 (5th Cir.), *cert. granted*, 130 S. Ct. 1012 (2009).

In addition, Ramlal contends that his second drug possession offense was not an aggravated felony because his first possession conviction was not final when he committed the second offense. *See* 21 U.S.C. § 844(a); *Carachuri-Rosendo*, 570 F.3d at 265. An order deferring adjudication of guilt and imposing community supervision is a "conviction" for immigration purposes. 8 U.S.C. § 1101(a)(48)(A); *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 330 (5th Cir. 2004). Because Ramlal did not appeal the February 21, 2006, order deferring adjudication of guilt for the first offense, the conviction became final on March 23, 2006. *See* TEX. R. APP. P. 26.2(a)(1). He committed the second possession offense after that date on August 16, 2006. He fails to show that the BIA erred in determining that the second offense was an aggravated felony.

According to Ramlal, the BIA violated his right to procedural due process by failing to provide a reasoned explanation for its decision. This argument is unsupported by the record, which includes a thorough written decision by the Board describing the legal bases for its decision.

The remaining arguments are not briefed sufficiently for our consideration. *See* FED. R. APP. P. 28(a)(9)(A); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). We thus deem abandoned Ramlal's claims that the BIA violated his right to a fair hearing, that the Department of Homeland Security (DHS) treated citizens of Trinidad and Tobago differently from other aliens, that DHS violated Ramlal's right to due process by removing him from the United States while his motion

for a stay and his appeal were pending in this court, that the BIA abused its discretion, and that the BIA erred by not considering the cumulative "hardship factors."

The petition for review is DENIED.