# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2010

No. 08-60818

Lyle W. Cayce
Clerk

YELSON ERNESTO BASTARDO

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42 889 306

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Yelson Ernesto Bastardo petitions for review of a decision ordering him deported after finding he was ineligible for cancellation. We vacate and remand.

Bastardo, a citizen of the Dominican Republic, was admitted to the United States as a permanent legal resident on July 20, 1990, when he was nine. Bastardo has three New York drug convictions, two for sale of marijuana in 2001 and 2006 and one for possession in 2007. On January 17, 2008, the Department of Homeland Security instituted deportation proceedings. The immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60818

judge ordered deportation, and the Board of Immigration Appeals affirmed. Bastardo timely petitioned our court.

Under the Immigration and Nationality Act ("INA"), an alien may be deported after a conviction for violating "any law . . . of any State . . . relating to a controlled substance." 8 U.S.C. § 1227(a). Any of his three convictions qualify him for deportation under § 1227(a), but Bastardo also argues that he is entitled to argue for cancellation of removal under § 1229b(a), which allows the Attorney General to cancel the removal of aliens, such as Bastardo, who have been lawful permanent residents for five years and resided in the United States for seven or more years continuously, unless they have an "aggravated felony" conviction. Relying on its previous decisions, the Board of Immigration Appeals held that Bastardo was not eligible for discretionary cancellation, because his possession conviction could have been charged as a felony under the Controlled Substances Act, which makes it a felony to possess any controlled substance after being convicted of a state-law drug offense. *See* 21 U.S.C. § 844(a) (allowing a sentence of as much as two years); 18 U.S.C. § 3559(a) (defining a felony as any crime punishable by more than a year in prison). That ruling was consistent with our court's approach, which relies on the INA's definition of a "drug trafficking crime," an aggravated felony under the INA, as "any felony punishable under the Controlled Substances Act." *See, e.g.*, *Carachuri-Rosendo v. Holder*, 570 F.3d 263, 265-67 (5th Cir. 2009) (quoting 18 U.S.C. § 924(c)(2)). Because the conduct, a possession offense committed after a previous state drug conviction, could have been charged as a recidivist drug offense under the Controlled Substances Act it qualified as an aggravated felony. *Id.*

On June 14, however, the Supreme Court reversed *Carachuri-Rosendo*, holding that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [21 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such

No. 08-60818

'under the Controlled Substances Act, 18 U.S.C. § 924(c)(2)." *Carachuri-Rosendo v. Holder*, No. 09-60, slip op. at 18. "The mere possibility that the defendant's conduct, coupled with facts outside the record of conviction, could have authorized a felony conviction under federal law is insufficient . . . ." *Id.* at 17-18. Bastardo's argument is exactly that adopted by the Supreme Court in *Carachuri-Rosendo*. We vacate and remand to allow Bastardo to argue for cancellation of removal.

The decision of the Board of Immigration Appeals is

VACATED and REMANDED.