# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2010

No. 08-60278
Summary Calendar

Lyle W. Cayce
Clerk

LYNDON CHRISTOPHER YOUNG, also known as Lyndon Young,
also known as Lyndon Griffith

Petitioner

v.

ERIC H HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A35 750 048

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lyndon Christopher Young petitioned for review of an order of the Board

of Immigration Appeals (BIA) finding him ineligible for cancellation of removal.

We denied the petition.  The Supreme Court vacated our decision and remanded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to this court for further consideration in light of its ruling in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010).

Young, a citizen of Trinidad and Tobago, was admitted as a lawful permanent resident of the United States in March 1976. Removal proceedings were instituted. Young conceded removability based on his guilty plea in 1996 for unlawful possession of marijuana and third degree criminal possession of a firearm, and also on his guilty plea in 2006 for criminal possession of marijuana in the fifth degree. He applied for asylum, for withholding of removal and for relief under the Convention Against Torture. The Immigration Judge found Young ineligible for cancellation of removal because his second marijuana conviction qualified as an aggravated felony under the Immigration and Nationality Act. The BIA affirmed the order of removal.

We denied Young's petition for review because his 2006 conviction qualified as an aggravated felony despite that he had not been prosecuted as a recidivist under New York law. *Young v. Holder*, 344 F. App'x 944 (5th Cir. 2009). We relied on our holding in *Carachuri-Rosendo*, 570 F.3d 263 (5th Cir. 2009). The Supreme Court has now reversed *Carachuri-Rosendo*, holding that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [21 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924 (c)(2)." *Carachuri-Rosendo*, 130 S. Ct. at 2589. The defendant must have been "*actually convicted* of a crime that is itself punishable as a felony under federal law." *Id.* (emphasis in original).

Using this definition, Young was not "actually convicted" under the New York state recidivist statute. Consequently, the BIA's holding that he was, in reliance on our now reversed caselaw, was in error.

We VACATE and REMAND to allow Young to pursue cancellation of removal in light of the Supreme Court's ruling in *Carachuri-Rosendo*.