# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

Lyle W. Cayce
Clerk

No. 08-60286

JERRY LEMAINE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 239 713

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerry Lemaine, a native of Haiti and permanent lawful resident of the United States, petitions this court for review of the order issued by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) final order of removal and the IJ's determination that Lemaine was ineligible for cancellation of removal. In his petition for review, Lemaine, who has two marijuana violations in New York,[1] contends that the BIA erred by treating his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Lemaine contests whether the 2000 disposition should be considered a "conviction" for immigration purposes. We assume without deciding that it should.

second violation as equivalent to an aggravated felony under the recidivist provisions of the Controlled Substances Act. *See* 21 U.S.C. § 844(a). The BIA believed this result was compelled by our decision in *Carachuri-Rosendo v. Holder*, 570 F.3d 263, 265–68 (5th Cir. 2009).

While the instant case was pending, the Supreme Court granted certiorari in *Carachuri-Rosendo*, and ultimately reversed this court's decision. *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). On remand, the panel issued a published opinion, which held that:

> Because the state did not enhance [petitioner's] conviction based on the fact of a prior conviction, "he has not been 'convicted' under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2).

*Carachuri-Rosendo v. Holder*, No. 07-61006, 2010 WL 3064479, at *2 (5th Cir. Aug. 6, 2010) (per curiam) (quoting *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2589 (2010)). Accordingly, we GRANT the petition for review and REMAND to the BIA for further proceedings in light of the opinion of the Supreme Court and the resulting panel opinion on remand in *Carachuri-Rosendo*. We intimate no view as to what action the BIA should take on remand.