# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2011

No. 09-60102
Summary Calendar

Lyle W. Cayce
Clerk

DAMON FRANKLIN SPENCE,

Petitioner

v.

ERIC H. HOLDER JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A39 747 558

Before GARWOOD, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Damon Franklin Spence, a native and citizen of Jamaica, moves for this court to recall its mandate in *Spence v. Holder*, No. 09-60102 (5th Cir. Nov. 17, 2009) (unpublished). This case presents these extraordinary circumstances warranting the recall of mandate to prevent injustice. *See* 5TH CIR. R. 41.2; *Calderon v. Thompson*, 523 U.S. 538, 550 (1998).

In September 1985 Spence, a native and citizen of Jamaica, was admitted to the United States at New York, New York, as a permanent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resident.  In 2007, the Department of Homeland Security initiated removal proceedings against Spence by issuing a Notice to Appear before an immigration judge (IJ) in Harlingen, Texas, alleging that Spence was subject to removal under 8 U.S.C. § 1227(a)(2)(B)(i) (2006) as an alien who after admission had been convicted under any "law or regulation of a State, [or] the United States . . . relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana."  The charges were later expanded to allege additional convictions.  Thereafter, at a 2008 hearing before the IJ, the IJ found that Spence had been convicted in New York state court of misdemeanor simple possession of marijuana in October 1998, August 2007, and December 2007, and that Spence was hence removable under section 1227(a)(2)(B)(i).[1]  Spence then sought cancellation of removal under the discretionary authority granted the Attorney General by 8 U.S.C. § 1229b(a) (2006) providing:

> "The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien –
>
>        (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>        (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>        (3) has not been convicted of any aggravated felony."

The IJ pretermitted consideration of Spence's application for discretionary cancellation of removal because he found that Spence was in any event

---

[1]    The IJ, however, found that none of the convictions shown were for crimes involving moral turpitude and that Spence was *not* removable under § 1227(a)(2)(A)(ii) ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude . . .").

ineligible for any such relief under section 1229b(a)(3) as the record established that he *had* been convicted of an "aggravated felony."  The IJ based this holding on his determination that after Spence's 1998 New York court conviction of possession of marijuana, a misdemeanor, became final, Spence was again convicted in new York court of misdemeanor possession of marijuana, "once on October 10 and once on December 20" 2007, and "[e]ither or both of those convictions could have been punished as a felony under 21 U.S.C. § 844" and that Spence "has therefore been convicted of an aggravated felony, and he is statutorily ineligible for Cancellation of Removal pursuant to Section 240(a) of the Immigration and Nationality Act."[2]  In so ruling, the IJ relied on the Board of Immigration Appeals decision in *In Re Carachuri-Rosendo*, 24 I.&N. Dec. 382 (BIA 2007), holding that in cases governed by the law established by this court, a second misdemeanor simple possession state drug conviction qualifies as an aggravated felony simply because it could have been prosecuted as a felony under the Controlled Substances Act (CSA).[3]

---

[2]  The term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43) as, among other things, "illicit trafficking in a controlled substance, . . . including a drug trafficking crime (as defined in section 924(c) of Title 18."  Under 18 U.S.C. § 924(c)(2) ". . . the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . ."  Under the Controlled Substances Act, "simple possession" of marijuana is punishable by imprisonment of "not more than one year," except if the individual "commits such offense after a prior conviction under [Chapter 13 of Title 21] or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any state, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but no more than 2 years . . . ." 21 U.S.C. § 844(a).  As defined in 18 U.S.C. § 3559(a), an offense is a "felony" if its "maximum term of imprisonment" is "more than one year," but is a "misdemeanor" if such maximum term is "one year or less" (but more than 5 days).

[3]  In *Carachuri-Rosendo v. Holder,* 570 F.3d 263 (5th Cir., May 29, 2009), we affirmed that holding of the BIA; on December 14, 2010, the Supreme Court granted Carachuri-Rosendo's petition for writ of certiorari (which had been filed July 15, 2009), 130 S.Ct. 1012.  The case was argued before the Supreme Court on March 31, 2010 and on June 14, 2010, the Court reversed the decision of this court and held that "when a defendant has

Spence timely appealed to the Board of Immigration Appeals (BIA). On January 27, 2009, the BIA, acting through a single member, affirmed without opinion the decision of the IJ.

Spence, proceeding pro se (as he apparently had below), timely appealed to this court urging that the BIA erred in affirming the IJ determination that he was not eligible for consideration of cancellation of removal because none of his simple possession of marijuana convictions under New York law constituted an aggravated felony because he was not prosecuted as a recidivist under New York law and hence none of his simple possession convictions constituted a drug trafficking crime under the Controlled Substances Act.

Shortly after perfecting his appeal to this court, Spence (pro se) moved this court for a stay of deportation pending review. That motion was denied by a motions panel of this court in an order without opinion on March 12, 2009. Spence thereafter, on April 15, 2009, proceeding pro se, filed a petition for certiorari with the Supreme Court (No. 089882) to review this court's March 12, 2009 order, contending, that, for the reasons stated above, it was error to deny him eligibility for cancellation of removal on the ground that he had been convicted of an aggravated felony, as his drug convictions were all simple possession misdemeanors and in none had he been prosecuted as a recidivist. The government on July 22, 2009, filed an opposition to the petition for certiorari, in which it did not address the merits but rather

---

been convicted of a simple possession [drug] offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [8 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substance Act,' 18 U.S.C. § 924(c)(2)." *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577, 2589 (2010). Such an individual who has not been "charge[d] as a recidivist" has "therefore, not been convicted of a felony punishable under the Controlled Substances Act." *Id.* at 2589-90.

simply contended that the petition was premature since this court had not acted on the merits, and that even if Spence were removed before this court rendered judgment he could still proceed with his appeal.[4]  On October 5, 2009, this petition for certiorari was denied.  *Spence v. Holder*, 130 S.Ct. 60 (2009).

The records of our Clerk's Office reflect that in August 2009, shortly before he was deported to Jamaica, Spence (pro se) advised this court in writing, in reference to "Spence v. Holder Jr, No. 09-60102," of a change of address, which notice was received and recorded in our Clerk's Office records in August 2009.

On November 17, 2009, this court issued its unpublished summary calendar opinion affirming the BIA's decision.  *Spence v. Holder*, No. 09-60102.  No notice of that opinion or action or ruling of this court was sent by this court to Spence's new address which our Clerk's Office had on its records since Spence had furnished it in August 2009.  No motion for rehearing was filed, and this court's mandate issued in the usual course on January 11, 2010.  No notice of this was sent to Spence's new address which our Clerk's Office had on its records since Spence had furnished same in August 2009.[5]

---

[4]  The government's brief in opposition states (note 7):

> "The fact that petitioner may be removed before the court of appeals issues its judgment (see Pet. 19) does not warrant this Court's immediate intervention.  Contrary to petitioner's assertion, he would not be 'denied legal redress' (Pet. 19) if he were removed, because '[a]liens who are removed may continue to pursue their petitions for review, and those who prevail can been afforded effective relief by facilitation on their return, along with restoration of the immigration status they had upon removal.' *Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009)."
> *See also Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577, 2584 n.8 (2010).

[5]  Our records do reflect that a copy of the November 17, 2009 opinion, and notice of the January 11, 2010 mandate issuance, was at those times mailed to Spence at his pre-

Our November 17, 2009 opinion in Spence's case, and our rejection of his argument that he had not been convicted of an aggravated felony because none of three New York misdemeanor convictions for simple possession of marijuana was a recidivist prosecution, expressly rested entirely on our opinion in *Carachuri-Rosendo v. Holder*, 570 F.3d 263 (5th Cir. 2009).

In August 2010 Spence, pro se, filed in this court his motion to recall our mandate, supported by his affidavit. He had been deported to Jamaica in August 2010 (and appears to have been there since that time). He swore that he had no notice whatever of our action in his case, and thought that it was still pending undecided in our court, until in July or August 2010 he was contacted by a named New York Times reporter doing a human interest type article on the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, and those who might be or have been affected by it or the rule which it rejected. This affidavit states that until the reporter contacted him "I was of the opinion that my case was still pending before the Court [the 5th Circuit] for a ruling," and "Had I been provided notice of the Court's denial of my 'Petition for Review,' I would have filed a petition for writ of certiorari with the United States Supreme Court prior to the expiration of the 90-day time period specified for filing such petition."[6] The government has filed an opposition to Spence's motion to recall the mandate. The response does not challenge any of the facts asserted in the motion, or assert any facts contrary to those hereinabove set out in this order. Nor does it question that under the

---

August 2009 address, namely "Willacy County Processing Center, 1800 Industrial Drive, Raymondville, Tx 78580-0000." Nothing in our records suggests that Spence (or anyone acting for him) ever received notice of (or was aware of) our disposition of his case prior to August 2010.

[6]   *See* S.Ct. R. 13.

Supreme Court's decision in *Carachuri-Rosendo v. Holder*, the record here does not support a determination that Spence had ever been convicted of an aggravated felony or that our November 17, 2009 decision in Spence's case is incorrect under the Supreme Court's decision in *Carachuri-Rosendo v. Holder*.[7]  The government's only contention is that Spence did not do enough to check on the status of his case.  This is not a frivolous contention, but we ultimately reject it.  Spence was at all times pro se – and government has never suggested otherwise – and he was in Jamaica ever since more than two months before our opinion issued, and he had done what he could to provide for that eventuality.  Moreover, it is clear that we erred in holding that he was shown to be an aggravated felon.  We are duty bound to give parties notice of our decisions.  FED. R. APP. P. Rules 36(b), 45(c).

Accordingly, the motion to recall mandate is GRANTED.

We sua sponte RECONSIDER and VACATE our prior opinion denying Spence's petition for review and replace it with the following: Spence has filed in this court a petition for review of an order by the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his application for cancellation of removal.  Because the legal basis for the BIA's determination that Spence was ineligible for cancellation of removal was invalidated by the Supreme Court in *Carachuri-Rosendo*, 130 S.Ct. 2577 (2010), we GRANT the petition for review, VACATE the order of the BIA, and REMAND this case to the BIA for reconsideration of Spence's application for cancellation of removal in the light of *Carachuri-Rosendo*.

---

[7] Nor does the government contend that the fact of Spence's removal (and still now being removed) precludes relief.  *See* note 4 *supra*.